1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNYL CALUGAS, | Case No.  2:15-cv-1332 |
| Plaintiff, | |
| vs. | COMPLAINT |
| PATENAUDE AND FELIX, A.P.C., a California Corporation; and MATTHEW CHEUNG, an individual | |
| Defendants. | |

COMES NOW, Plaintiff Jennyl Calugas (hereinafter "Plaintiff" and/or "Calugas"), by and through her attorneys Antoinette M. Davis Law, PLLC and Henry, DeGraaff & McCormick, P.S., and complains against the Defendants Patenaude and Felix, APC (hereinafter "Defendant" and/or "Patenaude") and Matthew Cheung (hereinafter "Defendant" and/or "Cheung") (collectively "Defendants") as follows:

//

COMPLAINT

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

## I.   INTRODUCTION

1.1.    The United States Congress has found abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors, and has determined that

abusive debt collection practices contribute to the number of personal bankruptcies, to marital

instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who

refrain from using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection abuses.

1.2.    Plaintiff brings this action for damages stemming from unfair and deceptive

collection practices by Defendants in violation of the Fair Debt Collections Practices Act, 15

U.S.C. §1692 et. seq. ("FDCPA") and the Washington Consumer Protection Act, RCW 19.86 et.

seq. ("CPA").

1.3.    More particularly, Defendants violated the FDCPA and CPA when they

unlawfully and abusively engaged in a practice of obtaining a default judgment against Plaintiff,

although Defendants were aware she was represented by counsel before the default motion was

even filed.

1.4.    Despite having this knowledge, Defendants refused to vacate the default judgment

wrongly taken against Plaintiff, resulting in damages and injury to Plaintiff, who was forced to

incur attorneys' fees and costs and time away from work to correct Defendants' wrong.

1.5.    The conduct of Defendant described herein was knowing, willful, and intentional.

COMPLAINT

2

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

## II.   JURISDICTION AND VENUE

2.1     Jurisdiction of this court arises under 15 U.S.C. 1692k(d), 28 U.S.C. § 1337, and

28 U.S.C. § 1331.  Supplemental jurisdiction exist for state law claims pursuant to 28 U.S.C. §

1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202

2.2     Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants

conduct affairs and transact business in this District, the unlawful acts giving rise to this claim

occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III.   PARTIES

3.1.    Plaintiff Calugas is a natural person and resident of King County, Washington,

which lies within the territorial jurisdiction of the United States District Court for the Western

District of Washington, Seattle.

3.2.    Plaintiff is alleged to have entered into a student loan credit agreement at or around

September 20, 2006 (the "Student Loan") with Bank of America ("B of A").

3.3.    The purported student loan was for personal, family and household purposes.

3.4.    Plaintiff is therefore a "debtor" as defined by the Fair Debt Collection Practices

Act ("FDCPA") and "consumer" as defined by Washington's Consumer Protection Act ("CPA").

3.5.    Plaintiff acted as a "debtor" and "consumer" at all times relevant to this litigation.

3.6.    Defendant Patenaude and Felix, A.P.C., ("Patenaude"), is a California Washington

Corporation, conducting business in Washington under UBI number 602953078.

3.7.    Defendant Patenaude is a "collection agency" that is licensed to collect in the state

of Washington.

3.8.    Defendant Patenaude attempted to collect a "debt" from Plaintiff, as that term is

COMPLAINT

3

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

3.9.    Defendant Patenaude regularly uses the telephone in its attempts to collect debts.

3.10.    Defendant Patenaude uses instrumentalities of interstate commerce or the United

States Postal Service ("mail") in its business.

3.11.    Defendant Patenaude uses the "mail" in its attempts to collect debts.

3.12.    Defendant Patenaude is a California and Washington Corporation engaged in the

business of collecting debts that are originally owed or due, or asserted to be owed or due, to

another.

3.13.    Defendant Patenaude regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due to another.

3.14.    Defendant Patenaude's practice consists of almost exclusively debt collection, and

therefore, Cheung is a "debt collector" as defined by the FDCPA.

3.15.    Defendant Patenaude is a "debt collector" as defined by the FDCPA 15 U.S.C. §

1692a(6).

3.16.    Defendant Cheung is an attorney at Patenaude and regularly attempts to collect

third party debts from consumers in the state of Washington.

3.17.    Upon information and belief, Defendant Cheung is the sole attorney at the

Washington office of Patenaude.

3.18.    Defendant Cheung is a "debt collector" as defined by the FDCPA 15 U.S.C. §

1692a(6) and acted as such at all times relevant to this complaint.

3.19.    Defendant Cheung attempted to collect a "debt" from Plaintiff, as that term is

defined by the FDCPA 15 U.S.C. § 1692a(5).

COMPLAINT

4

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

3.20.   Defendant Cheung regularly uses the telephone in his attempts to collect debts.

3.21.   Defendant Cheung uses instrumentalities of interstate commerce or the "mail" in his business.

3.22.   Defendant Cheung uses the "mail" in his attempts to collect debts.

3.23.   Defendant Cheung is a Washington licensed attorney engaged in the business of collecting debts that are originally owed or due, or asserted to be owed or due, to another.

3.24.   Defendant Cheung regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

3.25.   Defendant Cheung's practice consists of almost exclusively debt collection, and therefore, Cheung is a "debt collector" as defined by the FDCPA.

3.26.   Defendant Cheung is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.27.   All Defendants made attempts to collect the debt at the heart of this litigation from the Plaintiff.

## IIII.   FACTS

4.1   On or about August 20, 2014, Defendants served Plaintiff Calugas with an unfiled summons and complaint ("2014 Complaint") in the King County Superior Court.

4.2   The 2014 Complaint alleges that Plaintiff Calugas and a co-defendant owed to National Collegiate Student Loan Trust 2006-4 ("NCSLT") $33,620.32, plus cost and disbursements in the served action.

4.3   The debt is alleged to have resulted from a loan agreement Calugas purportedly entered into with NCSLT or Bank of America, NA.

COMPLAINT

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

4.4     The alleged debt is an obligation incurred primarily for personal, family or

household purposes.

4.5     The date of the alleged loan agreement is not included in the 2014 Complaint.

4.6     The 2014 Complaint admits that "plaintiff's attorneys [the Defendants here] are

debt collectors."

4.7     Upon her receipt of the 2014 Complaint, Plaintiff inquired of Defendants the

purpose of the lawsuit.

4.8     Plaintiff did not recognize NCSLT, had no prior dealings with NCSLT and knew

that she did not enter into any written contract with NCSLT.

4.9     In response, Defendants sent a letter dated September 13, 2014, with

documentation it claims shows that it is entitled to collect on the loan at issue.

4.10    Still confused by the documentation, Plaintiff sought and paid for advice of an

attorney.

4.11    After obtaining that advice from an attorney, Plaintiff retained an attorney.

4.12    On November 5, 2014, Plaintiff's attorneys sent to and Defendants received a

Notice of Appearance ("NOA") informing Defendants that Plaintiff was represented by counsel.

4.13    On December 16, 2014, Plaintiff sent to and Defendants received a letter

demanding the 2014 Complaint be filed by the Defendants within 14 days.

4.14    Because Plaintiff did not hear back from the Defendants, Plaintiff checked the

assigned court's docket on or about January 2, 2015, and discovered that the Defendants had filed

the 2014 Complaint on November 13, 2014 in King County Superior Court, and received a

default judgment on November 17, 2014 – twelve days after Defendant's receipt of the NOA.

COMPLAINT

6

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

4.15    The default judgment awarded NCSLT $33,620.32.

4.16    Included with the Defendants' Motion for Default was the Declaration of

Defendant Cheung.

4.17    In his Declaration Defendant Cheung attests under oath that "[t]he defendant [sic]

have failed to serve an appearance/answer or otherwise defend[.]"

4.18    At no time prior to receiving the default judgment for NCSLT did the Defendants

give Plaintiff or her counsel notice that a default judgment was being sought.

4.19    As such, Plaintiff paid for and obtained a credit report to determine whether it

showed the default judgment was being reported against her.  Indeed, the credit report shows the

default judgment.

4.20    On January 12, 2015, Plaintiff's counsel filed a Motion for an Order to Show

Cause to Vacate Judgment.

4.21    The Court granted the Order to Show Cause to Vacate Default Judgment, and a

Show Cause hearing on vacating the Default Judgment was scheduled for January 23, 2015.

4.22    Defendants filed a response to the Calugas Motion to Vacate.  In that response,

they alleged they had drafted the default motion in October 2014 – before their receipt of the

NOA; and therefore, obtaining the Default Judgment without providing notice to Plaintiff was

proper.

4.23    Defendants did not deny that they had received the NOA prior to filing their

Motion for Default.

4.24    Defendants did not deny that they failed to provide notice to Plaintiff of their intent

to seek a Default Judgment.

COMPLAINT

7

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

4.25    Defendants also continued to assert they had the right to maintain the default

judgment that was obtained without notice to Plaintiff.

4.26    At the January 23, 2015 hearing, Defendant Cheung admitted that the NOA sent to

Patenaude on November 5, 2015, was received.

4.27    An order vacating the default judgment was granted by the Honorable John Chun

on January 23, 2015.

4.28    Plaintiff incurred attorneys' fees and costs related to vacating the default judgment,

suffered adverse credit reporting of the default judgment on her credit report and had to pay for a

copy of her credit report to confirm the judgment was being reported against it.

V.  FAIR DEBT COLLECTION PRACTICES ACT
(Application of the Statute)

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth

herein.

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or

"debtor" means "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C.

§1692a(3).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged

obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance, or services which are the subject of the transaction are primarily for personal, family,

or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C.

§1692a(5).

COMPLAINT

8

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

5.4     Pursuant to the FDCPA, the term "debt collector" means: "any person who uses

any instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §1692a(6).

5.5     The FDCPA also applies to attorneys who "regularly" attempt to collect third party

debts. *See Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507 (9th Cir. 1994).

5.6     An attorney is a "collection attorney" or "debt collector" and "regularly" collects

the debts of another if the volume of his collection cases is high, regardless of what percent of his

practice the collection cases actual represent.  *See Garrett v. Derbes*, 110 F.3d 317 (5th Cir. 1997)

(holding that an attorney who collected against 639 different individuals in a nine-month period

satisfied the requirement that he "regularly" collected debts for another although those 639 cases

only represented .5% of his practice).

5.7     Defendant Patenaude is not an original creditor, and Patenaude sues consumers to

collect defaulted consumer accounts.

5.8     Defendant Cheung is not an original creditor, and Cheung sues consumers to

collect defaulted consumer accounts.

5.9     Defendant Patenaude is law firm who regularly files lawsuits to collect debt.

5.10     Defendant Cheung is an attorney who regularly files lawsuits to collect debt.

5.11     Therefore, the FDCPA applies in this case because the Plaintiff is a  "debtor," the

debt at the heart of this case is a "consumer debt," which arose from a transaction in which the

services are primarily for personal, family, or household purposes, and the Defendants are "debt

collectors" who attempted to collect a debt owed to a third party.

COMPLAINT

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

## VI.  FIRST CAUSE OF ACTION
### Fair Debt Collection Practices Act Violation
### (Unfair and Deceptive Acts)

6.1     Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2     Congress enacted the Fair Debt Collection Practices Act in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

6.3     The Fair Debt Collection Practices Act is a strict liability statute, and prohibits deceptive or misleading debt collection from the perspective of the least sophisticated consumer. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988).

6.4     The FDCPA also states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.

6.5     The following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt…." 15 U.S.C. §1692e(2).

6.6     The act further states: "The threat to take any action that cannot legally be taken or that is not intended to be taken" violates 15 U.S.C. §1692e(5).  *See Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.")

COMPLAINT

10

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

6.7     The FDCPA broadly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt…" 15 U.S.C. §1692e(10).

6.8     The FDCPA prohibits falsely representing the legal status or character of a debt. 15 U.S.C. §1692e(2).

6.9     A debt collector must not use unfair and unconscionable means to collect debts. 15 U.S.C. §1692f.

6.10    It is unfair and unconscionable for a debt collector to collect any amount that is not expressly authorized by agreement or permitted by law.  15 U.S.C. §1692f(1).

6.11    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

6.12    By entering a default judgment against the Plaintiff, after she appeared in the action, and without any notice or opportunity to be heard, the Defendants violated the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, and 1692f.

6.13    Defendants continued to violate the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, and 1692f when they refused to voluntarily dismiss the default judgment knowing that Plaintiff had filed a notice of appearance and had not been given proper notice of the motion for default and the filing of the complaint.

6.14    Plaintiff was injured by Defendants' actions in that she suffered emotional distress from the judgment being reported on her credit report and ultimately and her credit worthiness was impaired – all from being the unfortunate target of Defendants' unfair acts and business practices.

COMPLAINT

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

6.15    Plaintiff incurred actual damages because of Defendants.

6.16    Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

6.17    Defendants' actions were intentional, unfair, unconscionable, and outrageous.

6.18    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff

and other Washington debtors from similar harm.

### VII.  SECOND CAUSE OF ACTION
### (Consumer Protection Act Violation)

7.1.    Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth

herein.

7.2.    Washington's CPA states: "Unfair methods of competition and unfair or deceptive

acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW

19.86.020.

7.3.    The Washington CPA applies to the actions at issue herein because the Plaintiff is

a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred in

the course of trade/commerce, the Plaintiff was damaged in her property by Defendants' actions,

and the complaint involves a matter of public interest which is capable of repetition and affects

other consumers in this state.

7.4.    Patenaude is a "business" subject to the CPA because by regularly (if not

exclusively) collecting debts, is engaged in the entrepreneurial aspects of law, making its actions

in this case subject to the CPA.  *See Lang v. Gordon,* No. C10-819RSL, 2011 WL 62141 at *3

(W.D. Wash., Jan. 6, 2011) ("[L]awyers who are acting as debt collectors are engaging in the

entrepreneurial aspects of law rather than practicing law…").

COMPLAINT

12

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

7.5.     Cheung is a "business" subject to the CPA because by regularly (if not exclusively) collecting debts, is engaged in the entrepreneurial aspects of law, making his actions in this case subject to the CPA.  *See Lang v. Gordon,* No. C10-819RSL, 2011 WL 62141 at *3 (W.D. Wash., Jan. 6, 2011) ("[L]awyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law…").

7.6.     In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters.  *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in *Lightfoot* stated:

> …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

*Lightfoot* at 335.

7.7.     One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. §45(a)(1).

7.8.     The Fair Debt Collection Practices Act, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violates the state Consumer Protection Act.  15 U.S.C. §1692 et seq; *see Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53, 204 P.3d 885 (2009).

COMPLAINT

13

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

7.9.    In addition to examining federal statutes to determine if a specific act is unfair and

violates the state CPA, Washington Courts also give great weight to Federal Trade Commission

(FTC) interpretations of conduct that is unfair or deceptive.  *See Testo v. Dunmire Oldsmobile,*

*Inc.,* 554 P.2d 349 (1976), *citing Tradewell Stores, Inc. v. T. B. & M., Inc.,* 7 Wn. App. 424, 500

P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C.

§45; and RCW 19.86.920.

7.10.    In *Testo*, the court stated:

The courts of this state are specifically directed to "be guided by" federal court
interpretations of those various federal statutes after which our Consumer Protection
Act is patterned.

*Testo* at 350.

7.11.    Violations of the FDCPA are *per se* violations of Washington's Consumer

Protection Act.  *See Panag*, 166 Wn.2d at 53.

7.12.    Based on the above federal and state statutes and case law, this Court should use

the FDCPA standards of unfair and deceptive practices to determine if Defendants violated

Washington's CPA in the case at hand.

7.13.    Under the FDCPA, it is an unfair act/practice to misrepresent the amount and legal

status of the debt to the debtor or the court, or to engage in any other acts that are unfair or

deceptive.

7.14.    In this case, the Defendants violated the FDCPA by making false representations

to the court under penalty of perjury in Defendant Cheung's declaration in support the default

COMPLAINT

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

judgment motion, and obtaining the same without providing any notice to Plaintiff, who had

already appeared through counsel, as well as other unfair, deceptive and unconscionable acts.

7.15.   Where the Defendants' collection attempts are unfair and deceptive acts or

practices in violation of the FDCPA, Defendants' collection attempts are likewise unfair acts or

practices under this State's Consumer Protection Act.

7.16.   Therefore, Defendants committed unfair acts or practices in the conduct of trade or

commerce and violated the Washington State Consumer Protection Act (CPA) as codified in

RCW 19.86, *et seq.,* where Defendants' collection acts and practices violated the Federal

Collection Statute (FDCPA).

7.17.   Plaintiff was injured by Defendants' actions, including impairment of her credit

worthiness.

7.18.   Plaintiff incurred actual damages, including the cost of vacating the default

judgment and obtaining her credit report, because of Defendants.

7.19.   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

7.20.   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and

outrageous.

VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as

follows:

A.  For an Injunction preventing Defendants from ever again contacting Plaintiffs for any

reason whatsoever, pursuant to RCW 19.86.090;

COMPLAINT                                              **ANTOINETTE M. DAVIS LAW, PLLC**
                          15                           528 Third Avenue West, Suite 102
                                                       Seattle, Washington 98119
                                                       206-486-1011 – Main
                                                       206-905-5910 - Fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

B.  For an Injunction preventing Defendants from ever again making false representations to any Washington court, pursuant to RCW 19.86.090;

C.  For an Injunction preventing Defendants from ever again attempting to receive a default judgment without giving a defendant who has appeared proper notice, pursuant to RCW 19.86.090;

D.  For an Injunction preventing Defendants from ever again misrepresenting the amount or legal status of a debt, pursuant to RCW 19.86.090;

E.  For an Injunction preventing Defendants from ever again collecting upon the subject debt, pursuant to RCW 19.86.090;

F.  For an Injunction preventing Defendants from ever selling, transferring, or assigning this debt, pursuant to RCW 19.86.090;

G.  For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090;

H.  For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

I.  For Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et seq.;

J.  For Incidental and Consequential damages in an amount to be proven at trial;

K.  For treble Plaintiff's "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

COMPLAINT

16

**ANTOINETTE M. DAVIS LAW, PLLC**
528 Third Avenue West, Suite 102
Seattle, Washington 98119
206-486-1011 – Main
206-905-5910 - Fax

L.  For costs and reasonable attorneys' fees  and costs in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and RCW 19.86 et seq.;

M.  For interest on the above amounts as authorized by law;

N.  For other relief as the Court deems just and equitable;

O.  For leave to amend this complaint as needed and as required; and

P.  For leave to seek Civil Rule 23(b) status if information becomes available through discovery supporting the need for class action status.

IX.  REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and Washington Superior Court Civil Rule 38.

Dated this 19th day of August, 2015.

Respectfully submitted,

ANTOINETTE M. DAVIS LAW, PLLC          HENRY, DEGRAAFF & McCORMICK, PS


/s/*Antoinette M. Davis*                              */s/ Christina L Henry*
Antoinette M. Davis, WSBA #29821           Christina L. Henry, WSBA #31273
Rebecca A. Hernández, WSBA #43894        1833 N. 105th St.
Samuel A. Leonard, WSBA #46498            Suite 203
528 Third Avenue West Suite 102              Seattle, Washington  98133
Seattle, WA  98119                                     Tel 206-330-0595
Tel. 206-486-1011                                       Fax 206-400-7609
Fax 206-905-5910