UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JENNYL CALUGAS,

      Plaintiff,

  vs.

PATENAUDE & FELIX, A.P.C., a California
Corporation; and MATTHEW CHEUNG, an
individual,

      Defendants.

No. 2:15-cv-01332-MJP

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT
PATENAUDE & FELIX, A.P.C.'S
THIRD-PARTY COMPLAINT

PATENAUDE & FELIX, A.P.C.,

      Third-Party Plaintiff,

  vs.

LAW OFFICES OF ANTOINETTE M.
DAVIS, PLLC,

      Third-Party Defendants.

     Defendants Patenaude & Felix, A.P.C. and Matthew Cheung hereby provide Answers

and Affirmative Defenses to Plaintiff's Amended Complaint ("the Complaint"). (Dkt # 8).

Defendant Patenaude & Felix, A.P.C. also asserts the third-party claims set forth herein.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT PATENAUDE &
FELIX, A.P.C.'S THIRD-PARTY COMPLAINT - 1
2:15-cv-01332-MAT

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# I. INTRODUCTION

1.1     This paragraph of the Complaint does not set forth a factual allegation, but merely presents legal conclusions regarding 15 U.S.C. § 1692, the federal Fair Debt Collection Practices Act ("FDCPA").  To the extent a response is required, Defendants deny liability under the FDCPA.

1.2     This paragraph of the Complaint does not set forth a factual allegation, but merely indicates that 15 U.S.C. § 1692 and Chapter 19.86 RCW, Washington's State Consumer Protection Act ("CPA") are statutes under which Plaintiff has filed this lawsuit.  To the extent a response is required, Defendants deny liability under the FDCPA and the CPA.

1.3     Defendants deny the allegations set forth in this paragraph of the Complaint.

1.4     Defendants deny the allegations set forth in this paragraph of the Complaint.

1.5     Defendants deny the allegations set forth in this paragraph of the Complaint.

# II. JURISDICTION AND VENUE

2.1     Defendants admit that this Court's jurisdiction to hear cases under 15 U.S.C. § 1692k(d) and 28 U.S.C § 1331.  Defendants reserve the right to challenge jurisdiction should facts become known indicating that said jurisdiction is not proper.  Defendants deny that declaratory relief is available under 28 U.S.C. § § 2201-2202 for claims under the FDCPA.

2.2     Defendants do not dispute venue, but Defendants deny that any alleged events or omissions occurred that would give rise to a cause of action.

# III. PARTIES

3.1     Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT PATENAUDE &
FELIX, A.P.C.'S THIRD-PARTY COMPLAINT - 2
2:15-cv-01332-MAT

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3.2     Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

3.3     Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

3.4     Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

3.5     Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

3.6     Defendants admit that Patenaude & Felix, A.P.C. is a professional corporation that maintains an office in California.  Defendants also admit that Patenaude & Felix maintains an office in Washington with UBI number 602953078, and that Matthew Cheung is its registered agent in Washington.   Defendants deny any additional allegations contained or implied in this paragraph of the Complaint.

3.7     Defendants admit that Patenaude & Felix, A.P.C. has a license to conduct collections in Washington.  Defendants object to the allegation that Patenaude & Felix, A.P.C is a "collection agency" as that term is used in Plaintiff's Complaint because it calls for a legal conclusion and deny on this basis.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3.8     Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).  Defendants admit, however, that the Washington office filed a collection lawsuit against Plaintiff on behalf of its client.

3.9     Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).  Defendants admit, however, that Patenaude & Felix regularly uses the telephone.

3.10    Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).  Defendants admit, however, that Patenaude & Felix regularly uses the mail.

3.11    Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants deny this allegation of the Complaint.

3.12    Defendants admit only that Patenaude & Felix is a professional corporation that maintains an office in California.  Defendants admit that Patenaude & Felix also maintains an office in Washington, and that Matthew Cheung is its registered agent in Washington.  Defendants admit that they act as attorneys on behalf of creditor clients.  Defendants deny any additional allegations contained or implied in this paragraph of the Complaint.

3.13    Defendants admit only that Patenaude & Felix acts as attorneys on behalf of creditors.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT PATENAUDE &
FELIX, A.P.C.'S THIRD-PARTY COMPLAINT - 4
2:15-cv-01332-MAT

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3.14     Defendants admit only that Patenaude & Felix acts as attorneys on behalf of creditors.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.

3.15     Defendants admit only that Patenaude & Felix acts as attorneys on behalf of creditors.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.

3.16     Defendants admit defendant Matthew Cheung is an attorney and registered agent for Patenaude & Felix, A.P.C. in Washington, and that Mr. Cheung acts as an attorney on behalf of creditors.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.

3.17     Defendants admit that Mr. Cheung is the sole attorney at the Washington office of Patenaude & Felix.

3.18     Defendants object to this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.

3.19     Defendants object to this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.

3.20     Defendants object to this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.  However, Defendants admit that Mr. Cheung regularly uses the telephone.

3.21     Defendants object to this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.  However, Defendants admit that Mr. Cheung regularly uses the mail.

3.22     Defendants object to this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies this paragraph on that basis.  However, Defendants admit that Mr. Cheung regularly uses the mail.

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3.23    Defendants admit that Mr. Cheung is an attorney licensed in the State of Washington, and that he is permitted to act as an attorney on behalf of his creditor clients. Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies the remainder of this paragraph on that basis.

3.24    Defendants admit that Mr. Cheung is an attorney licensed in the State of Washington, and that he is permitted to act as an attorney on behalf of his creditor clients. Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies the remainder of this paragraph on that basis.

3.25    Defendants admit that Mr. Cheung is an attorney licensed in the State of Washington, and that he is permitted to act as an attorney on behalf of his creditor clients. Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies the remainder of this paragraph on that basis.

3.26    Defendants admit that Mr. Cheung is an attorney licensed in the State of Washington, and that he is permitted to act as an attorney on behalf of his creditor clients. Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and denies the remainder of this paragraph on that basis.

3.27    Defendants admit only that the Washington office of Patenaude & Felix commenced a collection lawsuit against Plaintiff, who had failed to meet the obligations that she had promised to honor.  Defendants deny that the California branch of Patenaude & Felix had commenced a collection action against Plaintiff.  Defendants deny any additional allegations not expressly admitted.

## IV. FACTS

4.1    Defendants admit that on or about August 20, 2014, Matthew Cheung of the Washington office of Patenaude & Felix, on behalf of its client, caused Plaintiff to be served

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT PATENAUDE &
FELIX, A.P.C.'S THIRD-PARTY COMPLAINT - 6
2:15-cv-01332-MAT

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

with a Summons and Complaint for Monies Due, and that the Complaint was subsequently filed. Defendants deny any additional allegations in this paragraph of Plaintiff's Complaint.

4.2     Defendants admit that the Complaint for Monies Due speaks for itself, and that it admits and denies this paragraph of Plaintiff's complaint to the extent the allegations are consistent with that document. Defendants deny any additional allegations that may be contained or implied in this paragraph of the Complaint.

4.3     Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents. Defendants deny any additional allegations that may be contained or implied in this paragraph of the Complaint.

4.4     Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

4.5     Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents.

4.6     Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents.

4.7     Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

4.8     Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

4.9     Defendants admit that the Washington office of Patenaude & Felix sent a letter dated September 13, 2014, with documentation verifying the debt.  Defendants deny any other allegation contained or implied in this paragraph of the Complaint.

4.10     Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

4.11     Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

4.12     Defendants deny that Plaintiff sent a "Notice of Appearance" to Matthew Cheung the attorney that filed the collection action and the registered agent at the Washington office of Patenaude & Felix.  Instead, Plaintiff's counsel Antoinette Davis appears to have intentionally sent a letter via facsimile, the contents of which speaks for itself, to the California branch of Patenaude & Felix in a manner intended to avoid providing timely notice of appearance to Matthew Cheung.  Defendants deny any additional allegation contained in this paragraph of the Complaint.

4.13     Defendants deny that Plaintiff sent the December 16, 2014 letter to Matthew Cheung the attorney that filed the collection action and the registered agent at the Washington office of Patenaude & Felix.  Instead, Plaintiff's counsel Antoinette Davis appears to have intentionally sent a fax to the California branch of Patenaude & Felix in a manner intended to avoid providing timely notice to Matthew Cheung regarding the contents of the alleged letter,

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

the contents of which speak for itself. Defendants deny any additional allegation contained in this paragraph of the Complaint.

4.14    Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

4.15    Defendants admit that the Judgment speaks for itself, and admit and deny to the extent that Plaintiff's allegation accurately represents this document.

4.16    Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents.

4.17    Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents.

4.18    Defendants deny this allegation of Plaintiff's Complaint.

4.19    Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

4.20    Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents.

4.21    Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents.

4.22    Defendants admit that the court docket, and the documents contained within it, in the underlying collection action speak for themselves, and admit and deny to the extent that

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT PATENAUDE &
FELIX, A.P.C.'S THIRD-PARTY COMPLAINT - 9
2:15-cv-01332-MAT

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Plaintiff's allegation accurately represents this court docket and the filed documents. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

4.23   Defendants admit that the court docket, the documents contained within it, and the court record in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents. Defendants otherwise deny the allegations in this paragraph of the Complaint.

4.24   Defendants admit that the court docket, the documents contained within it, and the court record in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents. Defendants otherwise deny the allegations in this paragraph of the Complaint.

4.25   Defendants admit that the court docket, the documents contained within it, and the court record in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents. Defendants otherwise deny the allegations in this paragraph of the Complaint.

4.26   Defendants admit that the court docket, the documents contained within it, and the court record in the underlying collection action speak for themselves, and admit and deny to the extent that Plaintiff's allegation accurately represents this court docket and the filed documents. Defendants otherwise deny the allegations in this paragraph of the Complaint.

4.27   Defendants admit that the court docket, the documents contained within it, and the court record in the underlying collection action speak for themselves, and admit and deny to the extent Plaintiff's allegation accurately represents this court docket and the filed documents.

4.28   Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## V. FAIR DEBT COLLECTION PRACTICES ACT

5.1    Defendants re-allege paragraphs 1.1 through 4.28, inclusive as though fully set forth herein.

5.2    This paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. § 1692a(3), which defines the term "consumer."    15 U.S.C. § 1692a(3) does not define the term "debtor."   To the extent a response is required, Defendants deny liability under the FDCPA.

5.3    This paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. § 1692a(5), which defines the term "debt." To the extent a response is required, Defendants deny liability under the FDCPA.

5.4    This paragraph of the Complaint does not set forth a factual allegation, but partially quotes 15 U.S.C. § 1692a(6), which defines the term "debt collector."  To the extent a response is required, Defendants deny liability under the FDCPA.

5.5    Objection, this allegation merely states a legal conclusion regarding a legal opinion.  To the extent a response is required, Defendants deny liability under the FDCPA.

5.6    Objection, this allegation merely states a legal conclusion regarding a Fifth Circuit legal opinion.  To the extent a response is required, Defendants deny liability under the FDCPA.

5.7    Defendants admit only that Patenaude & Felix acts as attorneys on behalf of creditor clients.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and deny on that basis.

5.8.    Defendants admit only that Mr. Cheung acts as attorneys on behalf of creditor clients.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and deny on that basis.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

5.9     Defendants admit only that Patenaude & Felix acts as attorneys, and part of its practice includes filing lawsuits on behalf of creditor clients.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and deny on that basis.

5.10    Defendants admit only that Mr. Cheung acts as an attorney and part of his practice includes filing lawsuits on behalf of creditor clients.  Defendants object to the remainder of this paragraph of the Complaint to the extent that this paragraph asserts a legal conclusion and deny on that basis.

5.11    Objection, this allegation calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegation and deny liability under the FDCPA.  In addition, Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

## VI.  FIRST CAUSE OF ACTION

6.1     Defendants re-allege paragraphs 1.1 through 5.11, inclusive as though fully set forth herein.

6.2     This paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. § 1692(a) and cites to a Ninth Circuit case from the State of California.  To the extent a response is required, Defendants deny liability under the FDCPA.

6.3     This paragraph of the Complaint does not set forth a factual allegation, but merely cites to a Ninth Circuit case from the State of Oregon.  To the extent a response is required, Defendants deny liability under the FDCPA.

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

6.4     This paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. § 1692e.   To the extent a response is required, Defendants deny liability under the FDCPA.

6.5     This paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. § 1692e(2).  Defendants admit, however, that the conduct described in 15 U.S.C. § 1692e(2) is an enumerated violation of 15 U.S.C. § 1692e.

6.6     This paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. § 1692e(5) and cites to a case from the United States District Court for the Western District of Washington.   To the extent a response is required, Defendants deny liability under the FDCPA.

6.7     This paragraph of the Complaint does not set forth a factual allegation, but partially quotes 15 U.S.C. § 1692e(10).  To the extent a response is required, Defendants deny liability under the FDCPA.

6.8     This paragraph of the Complaint does not set forth a factual allegation, but makes a statement about the law.  To the extent a response is required, Defendants deny liability under the FDCPA.

6.9     This paragraph of the Complaint does not set forth a factual allegation, but makes a statement about the law.  To the extent a response is required, Defendants deny liability under the FDCPA.

6.10    This allegation calls for a legal conclusion and mischaracterizes a statement of law.  To the extent a response is required, Defendants deny this allegation of the Complaint.

6.11    This paragraph of the Complaint does not set forth a factual allegation, but makes a statement about the law.  To the extent a response is required, Defendants deny liability under the FDCPA.

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

6.12    Defendants deny the allegations contained in this paragraph of the Complaint.

6.13    Defendants deny the allegations contained in this paragraph of the Complaint.

6.14    Defendants deny causing Plaintiff damage and deny liability under the FDCPA. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this paragraph of the Complaint, and therefore deny the same pursuant to Fed. R. Civ. P. 8(b)(5).

6.15    Defendants deny the allegations in this paragraph of the Complaint.

6.16    Defendants deny the allegations in this paragraph of the Complaint.

6.17    Defendants deny the allegations in this paragraph of the Complaint.

6.18    Defendants deny the allegations in this paragraph of the Complaint.  Defendants also deny that injunctions are a permitted remedy under the FDCPA.

## VII.  SECOND CAUSE OF ACTION

7.1    Defendants re-allege paragraphs 1.1 through 6.18, inclusive as though fully set forth herein.

7.2    This paragraph of the Complaint does not set forth a factual allegation, but quotes RCW 19.86.020.  To the extent a response is required, Defendants deny liability under the CPA.

7.3    This allegation merely states a legal conclusion.  To the extent a response is required, Defendants deny liability under the CPA.

7.4    This allegation merely states a legal conclusion.  To the extent a response is required, Defendants deny liability under the CPA.

7.5    This allegation merely states a legal conclusion.  To the extent a response is required, Defendants deny liability under the CPA.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT PATENAUDE &
FELIX, A.P.C.'S THIRD-PARTY COMPLAINT - 14
2:15-cv-01332-MAT

**LEE · SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

7.6 This allegation merely states a legal conclusion. Additionally, this paragraph of the Complaint does not set forth a factual allegation, but merely quotes a Washington state case. To the extent a response is required, Defendants deny liability under the CPA.

7.7 This allegation merely states a legal conclusion. Additionally, this paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. §45(a)(1). To the extent a response is required, Defendants deny liability under the CPA.

7.8 This allegation merely states a legal conclusion. Additionally, this paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. §45(a)(1). To the extent a response is required, Defendants deny liability under the CPA.

7.9 This allegation merely states a legal conclusion. Additionally, this paragraph of the Complaint does not set forth a factual allegation, but merely quotes 15 U.S.C. §45(a)(1). To the extent a response is required, Defendants deny liability under the CPA.

7.10 This paragraph of the Complaint does not set forth a factual allegation, but merely quotes a Washington State case. To the extent a response is required, Defendants deny liability under the CPA.

7.11 This allegation merely states a legal conclusion. To the extent a response is required, Defendants deny liability under the CPA.

7.12 This allegation merely states a legal conclusion. To the extent a response is required, Defendants deny liability under the CPA.

7.13 This allegation merely states a legal conclusion. To the extent a response is required, Defendants deny liability under the CPA.

7.14 Defendants deny the allegations contained in this paragraph of the Complaint.

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

7.15    This allegation merely states a legal conclusion.  To the extent a response is called for, Defendants deny Plaintiff's allegations contained in this paragraph of the Complaint and deny liability under the CPA.

7.16    Defendants deny the allegations contained in this paragraph of the Complaint.

7.17    Defendants deny the allegations contained in this paragraph of the Complaint.

7.18    This allegation merely calls for a legal conclusion.  To the extent a response is required, Defendants deny liability under Washington's Collection Agency Act ("WCAA").

7.19    Defendants deny the allegations contained in this paragraph of the Complaint.

7.20    Defendants deny the allegations contained in this paragraph of the Complaint.

7.21    Defendants deny the allegations contained in this paragraph of the Complaint.

7.22    Defendants deny the allegations contained in this paragraph of the Complaint.

7.23    This allegation merely calls for a legal conclusion and merely cites to a case from the Washington State Court of Appeals.  To the extent a response is required, Defendants deny liability under the WCAA and the CPA.

7.24    Defendants deny the allegations contained in this paragraph of the Complaint.

7.25    Defendants deny the allegations contained in this paragraph of the Complaint.

7.26    Defendants deny the allegations contained in this paragraph of the Complaint.

7.27    Defendants deny the allegations contained in this paragraph of the Complaint.

## VIII.  PLAINTIFF'S PRAYER FOR RELIEF

8.1    To the extent a response is called for, Defendants deny Plaintiff's prayer for relief in its entirety.

## IX.  REQUEST FOR TRIAL BY JURY

9.1    Plaintiff's jury demand does not require a response from Defendants.

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# X.  AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER, and without admitting any matters previously denied, Defendants assert the following affirmative defenses:

1.      Plaintiff's counsel, in bad faith, affirmatively took steps to prevent Defendants from complying with the FDCPA and thereby create this lawsuit.

2.      Plaintiff's claims and this action have been brought in bad faith and for the purpose of harassment so that, pursuant to 15 U.S.C. § 1692k(a)(3).  Defendants are entitled to an award of reasonable attorney fees and costs.

3.      Plaintiff's counsel has unreasonably and vexatiously multiplied the proceedings, subjecting her to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct pursuant to 28 U.S.C. § 1927.

4.      To the extent that Plaintiff has stated a claim under the FDCPA, her claims are barred by the "bona fide error" exception of the FDCPA 15 U.S.C. § 1692k(c).

5.      To the extent that Plaintiff has stated a claim under the FDCPA, such claims were caused by the acts and omissions of third-parties over whom Defendants did not have control, and therefore Defendants should not be liable.

6.      Plaintiff failed to timely serve Defendant(s).

7.      Plaintiff's claims may be barred by the statute of limitations.

8.      Defendants did not violate the federal Fair Debt Collection Practices Act ("FDCPA").

9.      Plaintiff's claims are barred in regard to events that occurred subsequent to her representation by counsel.

10.     Plaintiff owed the debt sued upon in the underlying case, and her damages, if any, were caused or contributed to by her own actions, either intentional or otherwise.

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

11.     The acts of Defendants were undertaken in good faith under a reasonable interpretation of the law.

12.     Plaintiff has failed to mitigate her damages, if any.

## XI.  THIRD-PARTY COMPLAINT

### A.     Parties

1.1     Patenaude & Felix, A.P.C. ("Patenaude") is a professional corporation doing business under the laws of Washington.  Patenaude's registered agent in Washington is Matthew Cheung, who conducts business out of an office in Lynnwood, Washington. Patenaude is a "person" as defined by RCW 19.86.010.

1.2     Law Offices of Antoinette M. Davis, PLLC ("Davis") is a Washington corporation whose business includes representing debtors in collection actions, and also bringing claims against creditors and their attorneys under the federal Fair Debt Collections Practices Act on such debtors' behalf.

### B.     Jurisdiction

2.1     The Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgment Act, as well as supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, on both the preceding claim, and in regard to Plaintiff's claims under the FDCPA.

### C.     Facts

3-1.     Davis is a law firm that conducts business in the State of Washington.

3-2.     Upon information and belief, as part of its practice in representing debtor clients, Davis brings lawsuits against creditors and their attorneys under the FDCPA.

3-3.     Upon information and belief, Davis intends to obtain a profit by bringing lawsuits against creditors and their attorneys under the FDCPA.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT; AND DEFENDANT PATENAUDE &
FELIX, A.P.C.'S THIRD-PARTY COMPLAINT - 18
2:15-cv-01332-MAT

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3-4.     Upon information and belief, Davis's use of the FDCPA to sue creditors and their attorneys is used to obtain and retain clients as part of her business.

3-5.     Upon information and belief, Antoinette M. Davis is the officer, shareholder, and/or partner of Davis.

3-6.     Upon information and belief, it is the practice of Antoinette M. Davis and Davis to refuse to communicate with its opposing counsel by email.

3-7.     Davis and Patenaude have had more than one case in which they were on opposing sides of a matter.

3-8.     Upon information and belief, during all relevant time periods, Davis was aware that Matthew Cheung was the registered agent for Patenaude in Washington State.

3-9.     Upon information and belief, Davis was aware that the documents for the underlying complaint issued by Patenaude to Jennyl Calugas contained the correct name, address, and telephone number for Patenaude in Washington.

3-10.    Upon information and belief, Davis possessed and was aware of the correct email address and correct facsimile information for Patenaude in Washington State.

3-11.    On multiple occasions, Patenaude has made Davis aware of this information.

3-12.    However, on multiple occasions, Davis has continued to send facsimiles of important documents either to a fax machine in California, or an incorrect Washington facsimile number, knowing that faxing the document to these locations will not provide timely notice to Matthew Cheung.

3-13.    In addition, upon information and belief, Davis has indicated in various documents that the documents are being sent by U.S. Mail; but these documents are not received by Patenaude via U.S. Mail such that, upon information and belief, Third-Party Plaintiffs believe that such documents have not, in fact, been sent by U.S. Mail.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3-14.   On or about August 20, 2014, Patenaude served an unfiled summons and complaint upon Jennyl Calugas.   The summons and complaint issued by Patenaude clearly indicated on the bottom-right of the pleading paper that Patenaude was located in, Washington and provided a local and toll free phone number.

3-15.   On October 8, 2014, having received no answer or appearance, Patenaude prepared a Motion for Default, which was sent to Patenaude's process server with instructions to file the document with the court.   For some reason unknown to Patenaude, the service company did not immediately file the document, and waited several weeks to do so.

3-16.   On November 5, 2014, Davis faxed a letter to the California fax machine regarding the matter with Jennyl Calugas.   Ex. 1.   The face of the letter itself contains only a California fax number, and reflects that it was faxed to the California fax machine rather than to the Washington office.   Davis knew that the proper recipient of this letter was Matthew Cheung in Washington State, but she chose instead to send it by facsimile to the California facsimile machine, without even a cover sheet.

3-17.   Davis could easily have used email to alert Mr. Cheung of her intent to appear for Jennyl Calugas, but chose not to because it intended to unfairly use the lack of notice against Mr. Cheung and Patenaude. Mr. Cheung's email address has always been available on the WSBA Lawyer Directory.

3-18.   Despite her knowledge that sending communications to the California fax machine would not provide timely notice to Patenaude, Davis intentionally continued this unfair and deceptive practice for the purpose of gaining an advantage over Patenaude.

3-19.   In addition, despite subsequently sending one letter to Mr. Cheung in Washington at the correct facsimile number, Davis then sent future facsimile documents to an incorrect Washington number, despite repeated requests to correct the error.

LEE · SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3-20.　As a number of other letters after it, the November 5, 2014 letter was not received in the Washington branch of Patenaude by U.S. mail and, upon information and belief, was not actually sent by U.S. Mail.

3-21.　Upon information and belief, Davis conducted these unfair and deceptive acts and practices for the purpose of fabricating a FDCPA lawsuit against Patenaude, and thereby obtaining additional business for itself.

3-22.　On August 19, 2015, Davis brought a lawsuit against Patenaude. (Dkt # 1). The primary basis of the lawsuit is that Patenaude and Mr. Cheung allegedly litigated the matter against Jennyl Calugas when it knew she was represented by Davis.　However, it was the intentional actions of Davis that prevented Patenaude and Mr. Cheung from having timely notice of the alleged representation.

3-23.　Had Davis provided timely notice in a manner calculated to bring her representation to the attention of Mr. Cheung, this lawsuit could have been avoided.

3-24.　As such, Davis was the proximate cause of injury to Patenaude in that it was required to seek counsel and investigate the claims made against it, and expended substantial money in the underlying litigation, which would not have been necessary had Davis provided proper notice.

**D.　Causes of action**

**1.　Washington's Consumer Protection Act**

4-1.　It is not necessary to establish that a person is a "consumer" to have standing to bring a CPA claim. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 38-39, 204 P.3d 885 (2009).

4-2.　The CPA allows "[a]ny person who is injured in his or her business or property by a violation" of the act to bring a CPA claim." *Panag*, 166 Wn.2d at 39.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

4-3.    To prevail in a CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784, 719 P.2d 531 (1986).

4-4.    Davis engaged in unfair and deceptive acts or practices by knowingly and intentionally sending Patenaude documents in a manner it knew was unlikely to give notice of important information.  It was unfair or deceptive to indicate that documents had been sent by U.S. Mail when they had not been sent by U.S. Mail.  It was also unfair and/or deceptive for Davis to use the lack of notice it created as a basis for a lawsuit against Patenaude.

4-5.    Davis's actions occurred in trade or commerce because Davis used its conduct for the purpose of obtaining and/or retaining clients, which implicates the entrepreneurial aspects of the business.

4-6.    The conduct affects the public interest because, upon information and belief, Davis has engaged in the unfair and deceptive acts described on multiple occasions, and done so as a member of the Washington bar in providing legal services to the public.

4-7.    Davis proximately caused damage to Patenaude by its unfair or deceptive acts or practices because Patenaude lost time and money in the underlying collection action as a result of Davis's conduct, and because it needed to investigate and defend itself against the claims wrongfully brought against it in the above-captioned lawsuit.

### 2.    Federal declaratory judgment action

5-1.    28 U.S.C. §§ 2201 and 2202 provide a means, where there is an actual case or controversy, to have the court declare the rights of any interested party seeking such declaration, whether or not further relief is or could be sought.  Additional declaratory relief may also be provided.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

5-2.     Patenaude seeks to have the court declare that Davis must cease faxing important documents to the California fax machine, rather than Matthew Cheung or other Washington employees of Patenaude, when providing notice in a Washington case.

5-3.     Patenaude seeks to have the court declare that Davis must mail a letter by U.S. Mail if the correspondence or other document represents that it has been sent in this manner.

## XII.  RESERVATION OF RIGHTS

Defendants reserves the right to amend this Answer by way of adding affirmative defenses, counter claims, cross claims, or third party claims as the existence of such claims is discovered in the future.

## XIII.  DEFENDANT'S PRAYER FOR RELIEF

Having answered Plaintiff's Complaint, Defendants pray for judgment as follows:

1.     For Plaintiff's Complaint to be dismissed with prejudice;

2.     For Patenaude to be granted judgment in its favor on its counter-claim;

3.     For Defendants to be awarded reasonable attorney's fees and taxable costs incurred in defending and prosecuting these causes of action to the fullest extent under the law, including the costs and reasonable attorney fees provided for under the CPA;

4.     For declaratory relief to be entered requiring third-party defendant to stop sending important documents to a place where it is least likely to provide notice, send such documents in a manner in which it is most likely to provide notice, and to actually mail documents by U.S. Mail when its letters and other documents make such a representation.

5.     For sanctions for bad-faith litigation under Rule 11, 15 U.S.C. § 1692k(a)(3), and the inherent authority of this court.

6.     For such other relief as this court may deem just and equitable.

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Respectfully submitted this 16th day of October 2015.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
Marc Rosenberg, WSBA No. 31034Attorney
for Defendants/Third-Party Plaintiffs

1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Antoinette Marie Davis        tonie@toniedavislaw.com

Kirk D Miller                kmiller@millerlawspokane.com

Christina Latta Henry        chenry@hdm-legal.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

Dated this 16th day of October, 2015 at Seattle, Washington.

LEE SMART, P.S., INC.

By: _/s Marc Rosenberg_____
    Marc Rosenberg, WSBA No. 31034
    Attorney for Defendants/Third-Party Plaintiffs

    1800 One Convention Place
    701 Pike St.
    Seattle, WA 98101-3929
    (206) 624-7990
    mr@leesmart.com

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944