UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNYL CALUGAS,<br><br>               Plaintiff,<br><br>vs.<br><br>PATENAUDE & FELIX, APC, a California Corporation; and MATTHEW CHEUNG, and individual,<br><br>               Defendants.<br><br>PATENAUDE & FELIX, APC,<br><br>               Third-Party Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF ANTOINETTE M. DAVIS, PLLC,<br><br>               Third-Party Defendant. | NO. 2:15-cv-01332-RAJ<br><br><br><br>THIRD-PARTY DEFENDANT LAW OFFICES OF ANTOINETTE M. DAVIS, PLLC'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)<br><br>**NOTE ON MOTION CALENDAR:<br>December 18, 2015** |

## I. RELIEF REQUESTED

Third-party defendant Law Offices of Antoinette M. Davis ("Davis Law") requests that the Court dismiss third-party plaintiff Patenaude & Felix's ("P&F") complaint with prejudice.

    1.   <u>Consumer Protection Act ("CPA") claim</u>. P&F fails to set forth sufficient facts to state a plausible CPA claim and fails to identify a cognizable CPA theory. Washington law does

Third-Party Defendant Law Offices of Antoinette M.
Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 1



710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

not recognize CPA claims against an opposing party's attorney. Thus, there exists no cognizable CPA theory. Moreover, even if Washington had recognized such claims, Davis Law's alleged actions that P&F challenges do not concern the entrepreneurial aspects of the practice of law, and are hence not in trade or commerce, and involve only a private dispute that does not affect the public interest. Therefore, the actions do not implicate the CPA.

2. <u>Declaratory relief</u>. P&F fails to set forth sufficient facts to state a plausible claim for declaratory relief. It fails to state a plausible CPA claim upon which to base a substantive right to demand that Davis Law cease faxing documents to P&F's California office or that Davis Law mail documents that it states it mailed. Nor does it plead other facts or law that establish such rights.[1]

3. <u>Judicial notice</u>. Davis Law requests that the Court take judicial notice under Fed. R. Evid. 201 of three King County Superior Court orders attached as Exhibit 2 to the Declaration of Scott David Smith. *See* Dkt. # 26 (Smith Decl.) Ex. 2. The orders are not subject to reasonable dispute because they are public records and "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201.

## II. FACTS[2]

Davis Law represents and provides legal services to debtors in Washington; this includes prosecuting Fair Debt Collections Practices Act ("FDCPA") actions for clients against debt collectors. Dkt. # 14 (Third-Party Compl.) at 18-19 ¶¶ 1.2, 3.1-3.2, 3.5. As with most firms, it provides its services to obtain and retain clients for profit. *Id.* at 18-19 ¶ 3.3-3.4. P&F is a corporation that does business in Washington and sues debtors to collect debts. *Id.* at 18 ¶ 1.1. Davis Law and P&F have been on opposing sides of legal disputes on more than one occasion. *Id.* at 19 ¶ 3.7.

The current action arises from a 2014 lawsuit P&F filed against Jennyl Calugas in King County Superior Court. *Id.* at 20 ¶¶ 3.14-3.15. On August 20, 2014, P&F served an unfiled summons and complaint on Ms. Calugas concerning a debt P&F claimed Ms. Calugas owed. *Id.* at 20 ¶ 3.14. P&F alleges it received no answer or appearance by October 8, 2014 and thus prepared and sent for filing a motion for default. *Id.* at 20 ¶ 3.15. Though it claims the process

---

[1] Davis Law does not by making this motion admit that P&F's allegations that Davis Law improperly provided notice to P&F in P&F's state court action against first-party plaintiff Jennyl Calugas are true.
[2] Though Davis Law disputes many of P&F's factual allegations, it presents a factual recitation as set forth by P&F's complaint under Fed. R. Civ. P. 12(b)(6) principles.

Third-Party Defendant Law Offices of Antoinette M.
Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 2



FURY DUARTE PS
TRIAL LAWYERS

710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

server held but did not file the document for several weeks, *id.* at 20 ¶ 3.15, P&F provides no assertion as to why it never followed up with the process server.

Ms. Calugas hired Davis Law. *See id.* at 21 ¶ 3.22. On November 5, 2014, Davis Law faxed a letter notice of representation to P&F's California office. *Id.* at 20 ¶ 3.16. P&F now alleges Davis Law did so despite knowing the proper recipient was P&F's registered agent in a Washington office, knowing the proper phone number and address, and knowing that faxing the document to California would not provide P&F proper notice. *Id.* at 19-20 ¶¶ 3.8-3.11, 3.14, 3.16, 3.18. It also asserts that, though Davis Law stated it also sent the letter to the Washington address, P&F never received the letter and one was not sent. *Id.* at 21 ¶ 3.20.[3] The letter notice of representation was however addressed to the recipient and address noted on P&F's state-court complaint. Dkt. # 26 Ex. 1.[4]

P&F filed the complaint in superior court on November 13, 2014, *id.* Ex. 1, and obtained a default judgment against Ms. Calugas on November 17. *Id.* Ex. 2. The superior court later vacated the default judgment, *id.* Ex. 2, and ordered P&F to pay $5,000 in costs. *Id.* Ex. 2. On August 19, 2015, Davis Law instituted this action against P&F, in part, for litigating the King County Superior Court action against Ms. Calugas while knowing Davis Law represented Ms. Calugas. Dkt. # 14 at 21 ¶ 3.22. P&F now bases its claims on its conclusory allegations, which are not factually supported, that Davis Law sent the letter notice of representation to the California fax machine to deprive P&F of notice so that P&F would wrongfully take a default judgment, allowing Davis Law to initiate an FDCPA claim to obtain clients and a profit. *Id.* at 21-22 ¶¶ 3.21, 4.5. This is despite the fact Ms. Calugas was already Davis Law's client.

---

[3] P&F asserts that Davis Law could have provided notice to P&F by email but asserts Davis Law chose not to do so in order to deprive P&F of proper notice. Dkt. # 14 at 20 ¶ 3.17. However, P&F acknowledges there was no nefarious reason for Davis Law not emailing P&F: Davis Law makes it a regular practice not to correspond with opposing counsel by email. *Id.* at 19 ¶ 3.6.

[4] "The court may consider documents outside the pleadings on a 12(b)(6) motion if they are ***incorporated by reference into the complaint***, form the basis of the plaintiff's claims, ***or are matters of judicial notice***, without converting the motion to a Rule 56 motion for summary judgment." *Demmings v. Pac. Mar. Ass'n*, No. C11-1864, 2012 U.S. Dist. LEXIS 139768, at *1 n.1 (W.D. Wash. Sept. 26, 2012) (emphasis added) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Attached to the Declaration of Scott David Smith as Exhibit 1 are (1) the letter notice of representation, which P&F includes as Exhibit 1 to its third-party complaint, *see* Dkt. # 14 ¶ 3.16 & Ex. 1, and the first page of P&F's state-court complaint that P&F references in its third-party complaint as containing "the correct name, address, and telephone number for" P&F. *Id.* at 19-20 ¶¶ 3.9, 3.14. Attached to the declaration as Exhibit 2 are three superior court orders from P&F's state-court action against Ms. Calugas. Dkt. # 26 Ex. 2. Davis Law has requested in this motion that the Court take judicial notice of the orders as matters of public record. A court's orders are subject to such notice. *Reusser v. Wachovia Bank*, 525 F.3d 855, 857 n.1 (9th Cir. 2008). Moreover, Washington law specifically permits trial courts to rely on unpublished federal and state trial-court orders. *Oltman v. Holland Am. Line*, 163 Wn.2d 236, 247 (2008); GR 14.1(b); Fed. R. App. P. 32.1.

Third-Party Defendant Law Offices of Antoinette M. Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 3

FURY DUARTE PS TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

P&F further alleges that, ***after*** the November 5, 2014 letter notice of representation and ***after*** P&F had already taken the default judgment giving rise to the FDCPA claim, Davis Law sent various faxes to California or an incorrect Washington fax number, aware the faxes would not provide P&F timely notice, and that Davis Law did not in fact send letters by US mail as it claimed it had. *Id.* at 19-20 ¶¶ 3.12-3.13, 3.18. However, it also appears to claim that after the faxed letter notice of representation, Davis Law in fact sent faxes to an incorrect Washington fax number, no longer a California number. *Id.* at 20 ¶ 3.19. In either event, P&F does not indicate what relevance the allegedly misserved communications, which occurred after P&F took the default judgment, have to its claim that Davis Law improperly served P&F to fabricate the FDCPA claim. Davis Law now moves to dismiss P&F's claims.

III. ARGUMENT

A plaintiff cannot survive a motion to dismiss unless its complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is only "plausible on its face" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is proper when the complaint fails to make out a cognizable legal theory ***or*** does not allege sufficient facts to support a cognizable theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Complaints alleging only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not survive. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must discount conclusory statements of fact, "which are not entitled to the presumption of truth", *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678); *Blantz v. Cal. Dep't of Corr.*, 727 F.3d 917, 926-27 (9th Cir. 2013), before deciding whether a claim is plausible. The goal is to "weed out" meritless claims early, "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558-59. Here, P&F's complaint neither sets forth sufficient facts to state a plausible claim nor identifies a cognizable theory under the CPA or for declaratory relief; thus, dismissal is proper.

**A.     P&F fails to state a CPA claim.** Washington's CPA prohibits "[u]nfair methods of competition and unfair or deceptive practices in the conduct of any trade or commerce." RCW 19.86.020. A CPA claim only lies where a plaintiff demonstrates there exists (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) which affects the public interest; and

Third-Party Defendant Law Offices of Antoinette M. Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 4

FURY DUARTE PS TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

(4) proximately causes injury to the plaintiff in his or her business or property. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85 (1986).[5]

1. <u>Washington law does not authorize a CPA claim against an opposing attorney</u>. Washington law does not recognize CPA claims against an opposing party's attorney, *Jeckle v. Crotty*, 120 Wn. App. 374, 383-85 (2004), as "allowing a plaintiff to sue his or her adversary's attorney under a consumer theory infringes on the attorney-client relationship." *Id.* at 384.[6] The *Jeckle* court, quoting the Connecticut Supreme Court's disapproval of such claims under the Connecticut version of the CPA, elaborated:

> "Providing a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf."

*Id.* at 384-85 (quoting *Suffield Dev. Assocs. v. Nat'l Loan Investors, LP*, 260 Conn. 766, 781-82 (2002)). Following Connecticut, the court in *Jeckle* held that an attorney's client's opponent may not sue the attorney under the CPA "'on the basis of the professional services the attorney had rendered for the client.'" *Id.* at 384 (quoting *Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 496 (1995)); *see also id.* at 385 (affirming grant of 12(b)(6) motion despite the fact the challenged conduct related to both the entrepreneurial aspects and the legal aspects of the defendants' law practice).

Here, P&F has attempted to state a claim against Davis Law based solely on Davis Law's method of representing Ms. Calugas in a matter directly opposed to P&F and based upon professional services Davis Law rendered Ms. Calugas. Thus, under *Jeckle*, P&F has failed to identify a cognizable cause of action.

---

[5] By challenging the "trade or commerce" and "public interest" aspects of the CPA in this motion, Davis Law does not concede that P&F's allegations satisfy any of the other elements.

[6] The *Jeckle* bar to such an action *is not* the same as the "adversarial exemption" the Supreme Court disapproved in *Panag v. Farmers Ins.*, 166 Wn.2d 27, 43-44 (2009). In *Panag*, which involved plaintiffs' actions a collection agency and insurers that hired it to collect on unadjudicated UIM subrogation claims, *id.* at 34-36, the Supreme Court determined that there need not be a consumer or contractual relationship to establish a CPA claim; thus, even if two parties are adversarial, a CPA claim may lie. *Id.* at 42-44. *Panag* did not concern a suit against an opposing party's attorney, did not decide the specific issue here, and was not faced with the issue of the assault on the attorney-client relationship such claims engender. Nevertheless, the Western District of Washington in *Seyfarth v. Reese Law Grp.*, No. C09-5727BHS, 2010 U.S. Dist. LEXIS 77217 (W.D. Wash. July 7, 2010), permitted an action against an opposing debt-collector attorney in 2010. Though it cited both *Jeckle* and *Panag*, it did not state *Panag* overruled *Jeckle*, but it allowed the suit because the plaintiff challenged the attorney's pattern and practice of misrepresenting his fees, thus distinguishing the case from *Jeckle*. *Id.* at *13-15 (holding also that, because that action involved the issue of fees, entrepreneurial aspects were involved, which is not the case here).

Third-Party Defendant Law Offices of Antoinette M. Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 5

FURY DUARTE PS
TRIAL LAWYERS

710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

2. <u>Even had Washington law recognized a CPA claim against an opposing attorney, P&F fails to state a CPA claim as the alleged conduct P&F challenges does not concern entrepreneurial aspects of the practice of law</u>. The practice of law falls almost exclusively outside the CPA's definition of trade or commerce. *See Eriks v. Denver*, 118 Wn.2d 451, 463-64 (1992). By narrow exception, CPA claims may exist against an attorney's actions, in some situations, as occurring in trade or commerce ***only*** when the allegedly violative conduct concerns "certain entrepreneurial aspects of the practice of law". *Short v. Demopolis*, 103 Wn.2d 52, 60-61 (1984);[7] *but see Jeckle*, 120 Wn. App. at 383-85 (holding no CPA claim exists against an opposing party's attorney). The entrepreneurial aspects of the practice of law include "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." *Short*, 103 Wn.2d at 61; *id.* at 53-54; *Quinn v. Connelly*, 63 Wn. App. 733, 742 (1992).

An attorney's competency and strategy are not entrepreneurial aspects of the practice of law. *Eriks*, 118 Wn.2d at 464 (citing *Short*, 103 Wn.2d at 61-62); *Quinn*, 63 Wn. App. at 742; *Short*, 103 Wn.2d at 61. Here, all of P&F's relevant, non-conclusory factual allegations concern Davis Law's alleged method and strategy of representing its client, Ms. Calugas, and its method and tactics used in serving its notice of appearance. *See* Dkt. # 14 at 19-21 ¶¶ 3.8-3.13, 3.16-3.20. P&F in fact states ***only two*** "trade-or-commerce allegations" that attempt to paint Davis Law's alleged actions as entrepreneurial. *Id.* at 21 ¶ 3.21 ("Upon information and belief, Davis [Law] conducted these unfair and deceptive [service] acts and practices[8] for the purpose of fabricating a[n] FDCPA lawsuit against [P&F], and thereby obtaining additional business for itself."); *id.* 22 ¶ 4.5 ("Davis[ Law's] actions occurred in trade or commerce because Davis [Law] used its conduct for the purpose of obtaining and/or retaining clients, which implicates the entrepreneurial aspects of the business."). However, both of the allegations are conclusory, naked factual assertions, and should not be considered in deciding if a plausible claim exists. *Chavez*, 683 F.3d at 1108, 1110 ("The Court discounts, as it must, the plaintiffs' wholly conclusory allegation that the supervisory defendants 'personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted' the allegedly unconstitutional stops.").

---

[7] It is worth noting that the Washington Supreme Court in *Short*, like the *Jeckle* court, also cited to Connecticut law. *Short*, 103 Wn.2d at 60-61 (citing *Heslin v. Conn. Law Clinic*, 190 Conn. 510 (Sup. Ct. Conn. 1983)).
[8] P&F's assertions that Davis Law's alleged service actions are unfair and deceptive is a legal conclusion, *Panag*, 166 Wn.2d at 47 (citing *Leingang v. Pierce Cty Med. Bureau*, 131 Wn.2d 133, 150 (1997)), that is not entitled to the presumption of truth.

Third-Party Defendant Law Offices of Antoinette M. Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 6

FURY DUARTE PS TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

None of the other facts stated in the complaint support P&F's two allegations. At most, P&F has otherwise alleged that Davis Law engages in the practice of law for a profit, including by assisting clients with FDCPA claims, and that it improperly served *one relevant document*.[9] It states no facts showing that, because Davis Law practices law for a profit and allegedly misserved its notice of appearance knowing it would not provide P&F proper notice, Davis Law thus intended that P&F would wrongfully take a default judgment against Davis Law's own client so as to "fabricate" an FDCPA claim to obtain and retain clients and a profit. *Blantz*, 727 F.3d at 922 (noting courts "need not accept as true factual allegations that are not plausible on their face"). In fact, Ms. Calugas was already Davis Law's client.

Moreover, P&F has not alleged that Davis Law has taken this approach in the past to "fabricate" FDCPA claims for clients or profit – against P&F or any other debt collector – has taken this approach on a routine basis to create FDCPA claims for clients or profit, advertised or made known to potential or current clients that it could "create" such claims, or otherwise had a pattern of attracting business or making profit by creating FDCPA claims in such a fashion. P&F has not even alleged this particular situation has previously occurred on any occasion. Without supporting factual allegations, P&F's two conclusory "trade-or-commerce allegations" fail to support a claim. *Id.* at 926-27 ("A complaint will not survive a motion to dismiss if it 'tenders naked assertions devoid of further factual enhancement.'"); *Terrell v. JPMorgan Chase Bank*, No. C14-930, 2014 U.S. Dist. LEXIS 151291, at *4-5 (W.D. Wash. Oct. 23, 2014).[10]

Discounting both conclusory, factually unsupported "trade-or-commerce allegations", P&F has stated no factual assertions that plausibly, or remotely, suggest Davis Law served P&F in California to "fabricate" FDCPA claims to retain clients or for profit. Rather, P&F's

---

[9] While P&F asserts Davis Law sent a number of communications to either California or the wrong fax number in Washington, the only relevant communication to Ms. Calugas' FDCPA claim is the notice of representation. The remaining communications P&F claims Davis Law incorrectly faxed or mailed to P&F appear to have occurred *after* P&F took its improper default, form *no basis* for Ms. Calugas' claim against P&F, and could not have been sent to "fabricate" the claim. Thus this claimed "pattern" of missending documents is irrelevant.

[10] Judge Pechman recently addressed necessary factual allegations in denying a motion to amend a complaint to overcome a Rule 12(b)(6) motion: "Plaintiff's factual clarifications in the proposed amended complaint . . . are limited to conclusory allegations that '[u]pon information and belief, from the inception [o]f Chase servicing Plaintiff's loan account to [the] date of this Complaint, Chase has misapplied credits to Plaintiff's loan account which does not reflect Plaintiff's true and accurate account balance,' and that Chase charged Plaintiff fees that were not owed. Plaintiff provides no actual facts, however, upon which these allegations can rest. Plaintiff's proposed amended complaint does not state which payments were misapplied on which dates, does not state the amounts that were misapplied, and does not state the reason she believes payments were not properly credited. Plaintiff does not state when fees were improperly charged, what the amounts of the fees were, or how or why Plaintiff believes improper fees have been charged. Without these basic details, Defendants are not properly on notice of the claims against them, and Plaintiff's proposed amendment fails to state a plausible claim for relief." *Terrell*, 2014 U.S. Dist. LEXIS 151291, at *4-5 (internal citations omitted).

Third-Party Defendant Law Offices of Antoinette M. Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 7

FURY DUARTE PS
TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

allegations go to Davis Law's alleged strategy and method of representing its client through serving its notice of appearance.[11]

3. <u>Even had Washington law recognized a CPA claim against an opposing attorney and P&F stated allegations that could plausibly show Davis Law's actions were entrepreneurial, its claims involve a private dispute that does not affect the public interest</u>. The CPA requires that P&F show that Davis Law's claimed actions affect the public interest. *See Short*, 103 Wn.2d at 66; *Behnke v. Ahrens*, 172 Wn. App. 281, 290 (2012) ("To meet the 'public interest' element, a private plaintiff must show 'not only that a defendant's practices affect the private plaintiff but that they also have the potential to affect the public interest." (quoting *Indoor Billboard Wash. v. Integra Telecom*, 162 Wn.2d 59, 74 (2007)).

> Where the transaction was essentially a private dispute rather than essentially a consumer transaction, it may be more difficult to show that the public has an interest in the subject matter. Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest. This is often the case with legal services, which are not within trade or commerce except as they relate to the entrepreneurial aspects of the practice of law. ***It is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest***.

*Id.* at 293 (emphasis added) (internal citations omitted). Thus, "there must be shown a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act's being repeated." *Id.* at 295 (citing *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604-05 (2009)). None of P&F's allegations indicate such is the case here.

In *Behnke*, the plaintiffs brought suit against their former attorney for failing to disclose the extent of his business relationship with a company whose tax shelter he recommended. Affirming summary judgment dismissing the plaintiffs' CPA claim, the court held that the plaintiffs' evidence and argument did not establish their claim of repetitive non-disclosure: "[The evidence and argument] establishes that [the attorney] represented other clients with respect to the controversial tax strategy, but it does not establish that the alleged deceptive act – failure to disclose aspects of his continuing financial relationship with [the company] – was repeated with these other clients [the attorney represented] or was likely to be repeated with other future clients." *Id.* at 296.

---

[11] Moreover, even if Davis Law had improperly served P&F with its notice of appearance, which Davis Law does not admit, improper service of court documents leading to an incurable default judgment against a client would properly be the subject of a potential professional-negligence action, not a CPA action. *See Quinn*, 63 Wn. App. at 742 (professional negligence not entrepreneurial aspect of practice of law).



P&F's third-party complaint is devoid of factual content demonstrating that Davis Law's alleged acts affected any entity but P&F – or could affect any other entity. The sole allegation it makes in this regard is that "[t]he conduct affects the public interest because, upon information and belief, Davis has engaged in the unfair and deceptive acts described on multiple occasions, and done so as a member of the Washington bar in providing legal services to the public." Dkt. # 14 at 22 ¶ 4.6. However, it states no factual allegations supporting that conclusory statement, other than to allege Davis Law may have allegedly improperly served additional documents in the underlying King County action with P&F *after* P&F had already taken a default.

"A complaint will not survive a motion to dismiss if it 'tenders naked assertions devoid of further factual enhancement.'" *Blantz*, 727 F.3d at 926-27 (citing *Iqbal*, 556 U.S. at 678)). The bare assertion that Davis Law, on information and belief, has engaged in the alleged acts on multiple occasions is conclusory, unsupported by any other factual allegations, and insufficient to state a claim against Davis Law. *Id.* ("Conclusory allegations such as these are insufficient to state a claim against [the defendant]." (citing *Iqbal*, 556 U.S. at 686)); *Chavez*, 683 F.3d at 1108 (citing *Iqbal*, 556 U.S. at 678). P&F provides no factual assertions that Davis Law has taken these actions with other entities in the past, that it is currently engaging in such conduct with any entities, or that it has a design to do so in the future. Nor does P&F state facts asserting that there is any likelihood that additional plaintiffs have been or will be injured in exactly the same fashion or that such alleged acts were repeated with other entities or are likely to be repeated with other future entities. *Behnke*, 172 Wn. App. at 293, 295.

**B.      P&F states no facts or law that provide a basis for declaratory relief.**[12] P&F has stated no facts, rights, or legal relations that entitle it to declaratory relief. The Declaratory Judgment Act, *see* 28 U.S.C. §§ 2201-2202, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, *may* declare the *rights* and other *legal relations* of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added). Whether to grant discretionary relief is vested within the district court's discretion. *MedImmune v. Genentech*, 549 U.S. 118, 136 (2007). A party has no

---

[12] Contrary to P&F's claim, Dkt. # 14 at 18 ¶ 2.1, the Declaratory Judgment Act does not independently confer subject-matter jurisdiction. *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671 (1950).

Third-Party Defendant Law Offices of Antoinette M. Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 9

FURY DUARTE PS
TRIAL LAWYERS
710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288

right to declaratory relief. *United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985) (citing *Zemel v. Rusk*, 381 U.S. 1, 19 (1965)).

Declaratory judgment is a remedy, not a cause of action. *Terrell*, 2014 U.S. Dist. LEXIS 151291, at *14-15 (citing *Bisson v. Bank of Am.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013)). "To obtain declaratory relief, [a p]laintiff must first adequately state an underlying claim." *Id.* at *15 (citing *Bisson*, 919 F. Supp. 2d at 1139); *Bakhchinyan v. Countrywide Bank*, No. C13-2273, 2014 U.S. Dist. LEXIS 46943, at *20 (W.D. Wash. Mar. 27, 2014); *Bisson*, 919 F. Supp. 2d at 1139 ("[T]he court cannot grant declaratory relief in the absence of a substantive cause of action. If Plaintiffs want the court to determine who their creditors are, they must demonstrate that some substantive law gives them a right to know this information.").

As detailed above, P&F's CPA claim fails and does not grant it the substantive "rights" P&F seeks, to the extent it even would have had it not failed. Moreover, P&F identifies in its complaint no other substantive law or right requiring that Davis Law not fax "important documents" to California, especially when Davis Law also mailed the documents to the Washington office, or requiring that Davis Law mail documents when it states it did so. Dkt. # 14 at 22-23 ¶¶ 5.1-5.3. It certainly alleges no rights or privileges under any of the usual declaratory-judgment situations, *i.e.*, requesting the court to declare rights or relations under a contract; patent, trademark, or copyright; dispute over construction, enforcement, or validity of an ordinance or statute; or an insurance agreement. As P&F fails to state a substantive right to the relief it requests, *Bisson*, 919 F. Supp. 2d at 1139, and fails to state sufficient facts to support a cognizable claim, dismissal of its declaratory claims is proper. *Mendiondo*, 521 F.3d at 1104.

## IV. CONCLUSION

P&F fails to set forth sufficient facts to state a plausible CPA or declaratory-relief claim and fails to identify a cognizable CPA theory. Dismissal is proper.

DATED this 25th day of November, 2015.

| FURY DUARTE, PS | LAW OFFICES OF VONDA M. SARGENT |
|---|---|
| /s/ Scott David Smith<br>SCOTT DAVID SMITH, WSBA No. 48108<br>C STEVEN FURY, WSBA No. 8896<br>710 10th Avenue East<br>Seattle, WA 98102<br>(206) 726-6600<br>scott@furyduarte.com<br>steve@furyduarte.com<br>*Attorneys for Third-Party Defendant* | /s/ Vonda M. Sargent<br>VONDA M. SARGENT, WSBA No. 24552<br>119 1st Avenue South, Suite 500<br>Seattle, WA 98104<br>(206) 838-4970<br>sisterlaw@me.com<br>*Attorney for Third-Party Defendant* |

Third-Party Defendant Law Offices of Antoinette M. Davis' Motion to Dismiss (2:15-cv-01332-RAJ) - 10



710 10th Avenue East
PO Box 20397
Seattle, WA 98102
t: (206) 726-6600
f: (206) 726-0288