UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNYL CALUGAS,<br><br>     Plaintiff,<br><br>vs.<br><br>PATENAUDE & FELIX, A.P.C., a California Corporation; and MATTHEW CHEUNG, an individual,<br><br>     Defendants. | No. 2:15-cv-01332-RAJ<br><br>THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-PARTY DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS<br><br>NOTED FOR HEARING: DECEMBER 18, 2015 |
| PATENAUDE & FELIX, A.P.C.,<br><br>     Third-Party Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF ANTOINETTE M. DAVIS, PLLC,<br><br>     Third-Party Defendants. | |

## I.  INTRODUCTION

Pursuant to Rule 12(b)(6), third-party plaintiffs Patenaude & Felix, A.P.C. and Matthew Cheung (collectively "Mr. Cheung") request the Court to deny the motion to dismiss filed by third-party defendant The Law Offices of Antoinette M. Davis PLLC ("Davis").  (Dkt # 25).

THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-PARTY DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS - 1
2:15-cv-01332-RAJ
5834702.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Mr. Cheung has brought a claim against Davis under Washington's Consumer Protection Act, Chapter 19.86, RCW ("CPA"). *See* (Dkt # 14 at 21-22).

It is interesting that Davis argues that "Washington law does not recognize CPA claims against an opposing party's attorney," (Dk # 25 at 1-2), because that is just how she makes her living – suing her debtor client's opposing counsel under the CPA and Fair Debt Collection Practices Act ("FDCPA"). In this very lawsuit, on behalf of her client, Davis has brought a CPA claim against Mr. Cheung, the opposing party's lawyer in the underlying lawsuit, because Mr. Cheung took a default judgment in the underlying case on behalf of his client.

Davis's contention is just plain wrong. It has long been established that CPA claims may be brought against lawyers. *Short v. Demopolis*, 103 Wn.2d 52, 60, 691 P.2d 163, 168 (1984) (permitting lawsuit against attorney when claims implicate the entrepreneurial aspects of the practice of law).

The CPA allows "**[a]ny person** who is injured in his or her business or property by a violation" of the act to bring a CPA claim, RCW 19.86.090, so long as they establishes the five elements of a private CPA action; and there is no sixth element, requiring proof of a consumer transaction between the parties, under the guise of a separate standing inquiry." *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 38-39, 204 P.3d 885 (2009).

Mr. Cheung alleges that Ms. Davis intentionally misdirects important communications by sending them to locations where Mr. Cheung will not receive notice, despite having contact information, did not send letters by US Mail as indicated on the letters, continues to take such actions, and based on the failure to provide proper notice, has fabricated claims against Mr. Cheung under the FDCPA in the hope of realizing a profit for herself. These allegations are plausible, supported by documents of which the Court may take judicial notice, and therefore, he has stated a claim under the CPA.

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## II. FACTS

On or about August 20, 2014, Mr. Cheung served an unfiled summons and complaint upon Jennyl Calugas, in the case subsequently captioned as *National Collegiate Student Loan Trust 2006-4 v. Calugas*, King County Superior Court, cause no. 14-2-30721-7-SEA (the "underlying pleadings"). *See* (Dkt # 14 at 20 at ¶ 3.14); (Dkt # 26-1, Ex.1). The underlying pleadings served by Mr. Cheung indicated on the bottom-right of the pleading paper that his office was located in Washington and provided contact information and identification of the local Washington attorney that was handling the matter. *See* (*Id.*).

On October 8, 2014, almost two months later, having received no answer or appearance, Mr. Cheung prepared a Motion for Default, which he sent to a process server with instructions to file the document with the court. (Dkt # 14 at 20 at ¶ 3.15). For some reason unknown to Mr. Cheung, the service company did not immediately file the document, and waited several weeks to do so. (*Id.*).

On November 5, 2014, despite the fact that the underlying pleadings clearly reflected that they had been issued by a Washington law firm, Davis faxed a letter to the California fax machine regarding the matter with Jennyl Calugas. (*Id.* at ¶ 3.16, Ex. 1); (Dkt # 26-1, Ex.1). Ms. Davis asserts this letter is a notice of appearance, although there was no pleading attached. (*Id.*).[1] The face of the letter itself contains only a California fax number, and reflects that it was faxed to a California fax machine rather than to Mr. Cheung's Washington office. (*Id.*). Davis knew that the proper recipient of this letter was Mr. Cheung in Washington State, but she chose instead to send it by facsimile to the California facsimile machine, without even a cover sheet or formal pleading attached. (*Id.* at ¶ 3.16).

---

[1] Davis deceptively combines the letter and the underlying pleadings in an exhibit. (Dkt # 26-1, Ex.1). However, the dates of the documents reflect that the underlying pleadings were filed about a week after the letter was sent because, for some unknown reason, the process server waited several weeks to file the underlying pleadings after receiving them. (Dkt # 14 at 20 at ¶ 3.15).

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

The documents for the underlying pleadings contained correct contact information for Mr. Cheung in Washington, (*id.* at ¶ 3.9), and Mr. Cheung's contact information, including his email address was available on the WSBA Lawyer Directory. (*Id.* at ¶ 3.17). Mr. Cheung is the registered agent for Patenaude in Washington State, and this is also public information. *See* (*Id.* at ¶ 3.8). Davis possessed and/or was aware of the correct email address and correct facsimile information for Mr. Cheung in Washington State. (*Id.* at ¶ 3.10).

Davis and Mr. Cheung have had more than one case in which they were on opposing sides of a matter. (*Id.* at ¶ 3.7); (Dkt # 25 at 2). In fact, on multiple occasions, Mr. Cheung has made Davis aware of this information, (*id.* at ¶ 3.11), but even after being provided the correct contact information, Davis has continued on multiple occasions to send facsimiles of important documents either to a fax machine in California, or an incorrect Washington facsimile number, knowing that faxing the document to these locations would not provide timely notice to Mr. Cheung. (*Id.* at ¶ 3.12). Davis has also indicated in various papers that documents are being sent by U.S. Mail; but on many occasions these documents are not received by Patenaude via U.S. Mail such that Mr. Cheung believes that such documents have not, in fact, been sent by U.S. Mail. (*Id.* at ¶ 3.13). Davis admits it refuses to communicate with opposing counsel by email, a method most likely to provide actual notice. (*Id.* at ¶ 3.6); (Dkt # 25 at 3, n3 ("Davis Law makes it a regular practice not to correspond with opposing counsel by email").

Davis is a Washington corporation whose business includes bringing claims against creditors and their attorneys under the CPA and FDCPA on their debtor clients' behalf. (Dkt # 14 at 18 ¶ 1.2); (Dkt # 25 at 2). Davis intends to obtain a profit by bringing lawsuits against creditors and their attorneys under the CPA and FDCPA. (*Id.* at ¶ 3.3); (Dkt # 25 at 2). Davis's use of the CPA and FDCPA to sue creditors and their attorneys relates to how it obtains and retains clients as part of its business. (*Id.* at ¶ 3.4).

THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-PARTY DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS - 4
2:15-cv-01332-RAJ
5834702.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Davis could easily have used email to alert Mr. Cheung of her intent to appear for Ms. Calugas, but chose not to because it intended to unfairly use the lack of notice against Mr. Cheung. (*Id*. at ¶ 3.17). Despite subsequently sending a letter to Mr. Cheung in Washington at the correct facsimile number, Davis then again sent future documents to an incorrect fax number, despite repeated requests to correct the error. (*Id*. at ¶ 3.19). As a number of other letters after it, the November 5, 2014 letter was not received in the Washington branch of Patenaude by U.S. mail, and was not actually sent by U.S. mail. (*Id*. at ¶ 3.20). Despite her knowledge that sending communications to the California fax machine would not provide timely notice to Mr. Cheung, Davis intentionally continued this unfair and deceptive practice in order to gain an advantage over Mr. Cheung. (*Id*. at ¶ 3.18). Davis conducted these unfair and deceptive acts and practices for the purpose of fabricating an FDCPA lawsuit against Mr. Cheung, and thereby obtaining additional business for itself. (*Id*. at ¶ 3.21).

On November 13, 2014, the underlying pleadings were filed, and a default judgment was entered several days later. (Dkt # 26-1, Ex. 1-Ex. 2).

On January 23, 2015, the default judgment was vacated. (Dkt # 26-1, Ex. 1-Ex. 3).

On February 10, 2015, consistent with CR 55(c)(1), Mr. Cheung was required to pay terms upon the setting aside of the default judgment. (Dkt # 26-1, Ex. 4). This payment on the award of terms was damage to Mr. Cheung, brought about by Davis's conduct.

On August 19, 2015, Davis filed this lawsuit against Mr. Cheung. (Dkt # 14. at ¶ 3.22); (Dkt # 1). The primary basis of the lawsuit is that Mr. Cheung allegedly litigated the matter against Ms. Calugas when it knew she was represented by Davis. (Dkt # 14. at ¶ 3.22). However, it was the intentional actions of Davis that prevented Mr. Cheung from having timely notice of the alleged representation. (*Id*. at ¶ 3.22). Had Davis provided timely notice in a manner calculated to bring her representation to the attention of Mr. Cheung, this lawsuit could have been avoided. (*Id*. at ¶ 3.23). As such, Davis was the proximate cause of injury to

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Mr. Cheung in that he was required to seek counsel and investigate the claims made against it, and expended substantial money in the underlying litigation, which would not have been necessary had Davis provided proper notice. (*Id.* at ¶ 3.24).

## III. POINTS AND AUTHORITIES

### A.    Standard on Rule 12(b)(6) Motion to Dismiss

> In considering whether a complaint states a claim, the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir.2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563, 127 S.Ct. 1955; *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

*Hansen v. Boeing Co.*, 903 F. Supp. 2d 1215, 1217 (W.D. Wash. 2012).

### B.    There is no bar on bringing a CPA claim against an opposing party's attorney and, if there is, then the Court must also dismiss the CPA claim against Mr. Cheung, who Davis has filed suit against in his capacity as the opposing counsel in the underlying litigation.

Washington's CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." *Panag*, 166 Wn.2d at 37 (quoting RCW 19.86.020). "The CPA is to be 'liberally construed that its beneficial purposes may be served.'" *Id.* (quoting RCW 19.86.920).

"'Any person who is injured in his or her business or property' by a violation of the act may bring a civil suit for injunctive relief, damages, attorney fees and costs, and treble damages." *Panag*, 166 Wn.2d at 37 (quoting RCW 19.86.090).

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

"To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag*, 166 Wn.2d at 37.

A successful plaintiff is one who establishes all five elements of a private CPA action. *Id*. at 38. There is no "sixth element, requiring proof of a consumer transaction between the parties, under the guise of a separate standing inquiry." *Id*.

> The CPA allows "**[a]ny person** who is injured in his or her business or property by a violation" of the act to bring a CPA claim. RCW 19.86.090 (emphasis in original). Nothing in this language requires that the plaintiff must be a consumer or in a business relationship with the actor. Further, the "violation" referred to occurs when the actor employs "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "Trade" and "commerce" are defined terms under the CPA to "include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2) (emphasis added). An actionable violation can occur without any consumer or business relationship between the particular plaintiff bringing a private cause of action under the CPA and the actor because "trade or commerce" is not limited to such transactions.

*Id*. at 39.

"Under the plain language of the act, it is not necessary to establish any consumer relationship, direct or implied, between the parties." *Id*. at 40. "The legislature explicitly identified the purposes of the act: 'to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition.'" *Id*. (quoting RCW 19.86.920). A CPA claim may be brought between tort adversaries, because there is no "adversarial relationship exemption to the CPA." *Id*. at 42-44.

Under the clear wording of the CPA, and unambiguous Supreme Court authority, "any person" may be sued under the CPA, as long as the plaintiff can support the five elements of a CPA claim.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Davis cites only one case for the proposition that "Washington law does not recognize CPA claims against an opposing party's attorney." (Dkt # 25 at 5) (citing *Jeckle v. Crotty*, 120 Wash. App. 374, 85 P.3d 931 (2004)). If Davis actually believes this, then it is subject to sanctions under Fed.R.Civ.P. 11 where it has filed this above-captioned lawsuit against Mr. Cheung in his capacity as the opposing party's attorney in the underlying lawsuit. In addition, the CPA claim against Mr. Cheung and Patenaude must be dismissed as barred by this legal authority. Clearly Davis believes that it can bring a CPA claim against an opposing party's attorney, because it has done so in this very case.

*Seyfarth v. Reese Law Grp., P.L.C.*, No. C09-5727-BHS, 2010 WL 2698819 (W.D. Wash. July 7, 2010), is on point. In *Seyfarth*, the defendants maintained that "[a] private cause of action under the WCPA does not lie against the attorney of a plaintiff's adversary." *Id.* at *4 (citing *Jeckle v. Crotty*, 120 Wn. App. 374, 85 P.3d 931 (2004)). After considering both *Jeckle* and *Panag*, Judge Settle denied the Rule 12(b)(6) motion to dismiss because the alleged conduct implicated the entrepreneurial aspects of the law firm. *Id.* at *4-5. *See also Gray v. Suttell & Associates*, 2012 WL 1067962, at *6 (E.D. Wash. Mar. 28, 2012) (permitting a CPA against opposing party's attorney where the alleged conduct implicated the entrepreneurial aspects of the practice). The alleged conduct here also implicates the entrepreneurial aspects of the Davis firm, and therefore the CPA claim may proceed against Davis.

**C.     Because Mr. Cheung supports all five elements of the CPA claim with plausible allegations, the CPA claim survives a Rule 12(b)(6) motion.**

"To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag*, 166 Wn.2d at 37. *See also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531, 533 (1986).

THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-PARTY DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS - 8
2:15-cv-01332-RAJ
5834702.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Davis addresses only two of the five elements of a CPA claim, the second element and the third element. *See* (Dkt # 25 at 6-7) (addressing "trade or commerce" element); (Dkt # 25 at 8-9) (addressing "public interest" element).

### 1. It is unfair and deceptive to intentionally engage in the practice of transmitting important communications to incorrect for the purpose of obtaining financial benefit against a disadvantage opponent.

"The first element of a private CPA action is an unfair or deceptive act or practice." *Hangman Ridge*, 105 Wn 2d at 785 (citing RCW 19.86.020). Davis does not address the first element of the CPA claim.

Because the CPA does not define "unfair" or "deceptive," the definitions has been allowed "to evolve through a gradual process of judicial inclusion and exclusion." *Klem v. Washington Mut. Bank*, 176 Wn.2d 771, 785, 295 P.3d 1179, 1186 (2013). "[A]n act is unfair under the CPA if it offends public policy as established by statutes or the common law, or is unethical, oppressive, or unscrupulous, among other things. *Id*. at 786 (citation, internal quotations and brackets omitted). "[A] claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Id*. at 787. "[A]n act or practice can be unfair without being deceptive." *Id*. The "or" between "unfair" and "deceptive" is disjunctive. *Id*.

Here, Mr. Cheung alleges that Ms. Davis intentionally misdirected communications that were supposed to go to him by faxing them to a location in California in which he would not receive notice, did not mail letters as represented on the letters; she has continued to take such actions, and based on the failure to provide proper notice, has fabricated claims against Mr. Cheung under the FDCPA in the hope of realizing a profit for herself. These allegations are plausible, supported by documents of which the Court may take judicial notice, and therefore, he has stated a claim under the CPA.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**2. Because the alleged conduct implicates the entrepreneurial aspects of the Davis firm, it has occurred in trade or commerce.**

The CPA defines the term "trade or commerce" as "any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2).

While claims directed solely to the competence and strategy of lawyers amount to allegations of negligence or malpractice exempt from the CPA, *Short*, 103 Wn.2d 52 at 61-62:

> [C]ertain entrepreneurial aspects of the practice of law may fall within the "trade or commerce" definition of the CPA. The more recent federal cases stand for the principle that attorneys, as well as other professionals, are not exempt from antitrust laws. The CPA, on its face, shows a carefully drafted attempt to bring within its reaches every person who conducts unfair or deceptive acts or practices in any trade or commerce. RCW 19.86.010(1) and (2); RCW 19.86.020. *Goldfarb v. Virginia State Bar, supra*, 421 U.S., at 787–88, 95 S.Ct. at 2013–14. There is no statutory exemption for lawyers. Cf. RCW 19.86.060, RCW 19.86.070, RCW 19.86.170.

*Short*, 103 Wn.2d at 60-61.

The "entrepreneurial aspects of legal practice" include "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients. These business aspects of the legal profession are legitimate concerns of the public which are properly subject to the CPA. *Id*. at 61.

Mr. Cheung alleges that Ms. Davis fabricates CPA and FDCPA claims against opposing counsel in collection actions for the purpose of obtaining and/or retaining debtor clients, and that she seeks a profit by fabricating these causes of action, and that the attorney fee provisions of the CPA ad FDCPA claim determines how the priced of her legal services is billed and/or collected. (Dkt # 14 at 18-21). This allegation is based on sufficient factual content to overcome a Rule 12(b)(6) challenge. Davis argues there is only one event that is "relevant" to this analysis and it is the sending of a single letter to the incorrect location. (Dkt # 25 at 6). But Mr. Cheung alleges that he has had more than one case with Davis, (Dkt # 14 at 19 ¶ 3.7), and that Davis has repeatedly sent critical documents to the wrong place, despite being advised

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

of the right contact information, (*id.* at ¶¶ 3.8-3.12), and then, subsequent to these wrongful transmissions make claims against him (whether lawsuits or requests for sanctions) after such wrongful transmissions, and that then he has also repeatedly not received letters by mail, despite the fact that the letters claim they are being sent by mail. (*Id.* at ¶ 3.13). The repeated conduct by Davis despite repeated request for documents to be sent to the correct place supports the conclusion that such conduct is not accidental, but rather is intentional. And the fact that Davis has followed this conduct with attempts to damage Mr. Cheung, whether through CPA/FDCPA lawsuits, (DKt # 1), or motions for attorney fees, (Dkt # 26-1, Ex. 4), reflects that Davis engages in this the conduct for the purpose of retaining clients for such lawsuits and/or billing the attorney fees.

Davis argues that there are only two allegations that relate to the "trade or commerce" inquiry. (Dkt # 25 at 6). This Court can easily see, based on the paragraph above, that this is not true, as the allegations in the third-party complaint all fit together to provide the context of the claim. As such, Mr. Cheung's allegations are supported by sufficient factual content in the pleadings, and present a plausible account, consistent with the requirements of *Twombly* and *Iqbal* such that they overcome a Rule 12(b)(6) motion.

As discussed in a moment, Davis requests the Court to ignore as irrelevant and conclusory all factual allegations in the third-party complaint but the single wrongfully sent facsimile of November 5, 2014 sent by Davis, (Dkt # 14-1, Ex. 1), then argues that the Court should dismiss the third-party claims where there are no allegations that Davis has taken this approach on a routine basis to create claims for clients or profit. (Dkt # 25 at 7). In other words, Davis asks this Court to ignore all factual allegations of repeated conduct, and then dismiss the claims because there are no claims of repeated conduct, other than what the Court has been asked to ignore.

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

As an initial matter, this is irrelevant point, because a CPA claim can be based on a single transaction. *See e.g., St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 129, 196 P.3d 664, 667 (2008) ("[t]his court long ago recognized that a single violation of a claims-handling regulation may violate the CPA"). So even if the November 5, 2014 facsimile was the only event, it could still form the basis of a CPA claim, so long as it had the potential for repetition.

Davis argues that the Court should ignore the allegations stated by Mr. Cheung on the ground that they are conclusory, and cites to three cases for this proposition. (Dkt # 25 at 6-7) (citing *Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012); *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 922 (9th Cir. 2013), and *Terrell v. JPMorgan Chase Bank*, No. C14-930, 2014 U.S. Dist. LEXIS 151291, at *4-5 (W.D. Wash. Oct. 23, 2014). These cases are distinguishable, and Mr. Cheung's factually allegations are sufficient under the *Twombly* and *Iqbal* standard.

Davis cites *Blantz* for the proposition that the Court "need not accept as true factual allegations that are not plausible on their face." *Blantz*, 727 F.3d at 922. In *Blantz*, the allegations were against a party so far removed from the alleged conduct that the Court found her alleged participation in such events implausible. The Blantz court held:

> the allegation that Hill—the Chief Medical Officer of the Receiver and a member of the Governing Body of the CDCR—had any role in or knowledge of the decision to terminate Blantz or give her a negative reference is not "plausible on its face." ... "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." It is plausible that the CDCR employees who made the decisions and took the actions Blantz complains of did so at the direction of their immediate superiors. But common sense requires us to reject the allegation that the Chief Medical Officer for the state-wide prison system, who sits on the Governing Body, was personally involved in the decision to terminate Blantz as an independent contractor nurse at Calipatria state prison or to give her a negative job reference.

*Blantz*, 727 F.3d at 927 (citations omitted).

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

But here, it is not implausible that Davis intentionally misdirected communications in an attempt to disadvantage a litigation opponent for the purposes of obtaining the profit it admits it seeks.

Davis cites *Chavez* for the proposition that the Court may disregard "wholly conclusory allegations." *Chavez*, 683 F.3d at 1110. In *Chavez*, like *Blantz*, a plaintiff made certain facially implausible allegations against supervisors who were far removed from the alleged events. The plaintiffs were Hispanics living in Arizona that ran a shuttle service that did not go into Mexico, but were stopped and/or arrested on several occasions. Plaintiffs brought a civil rights lawsuit against the specific border patrol agents, the Acting Commissioner of the Immigration and Naturalization Service, the Chief Border Patrol Agent for the Tucson sector, and other supervisors in the Border Patrol. *Id*. at 1106. It was held that the complaint adequately alleged the personal involvement of the supervisors in the unconstitutional patrols. *Id*. at 1107. However, the claims against the supervisors lacked any factual content. The *Chavez* court held:

> … taking qualified immunity into account, a supervisor faces liability under the Fourth Amendment only where "it would be clear to a reasonable [supervisor] that his conduct was unlawful in the situation he confronted." A lower standard would impose vicarious liability on supervisors based on their subordinates' clearly unlawful conduct. Because the plaintiffs' complaint, as described below, does not come close to meeting this standard except with respect to defendant Hunt, who faces liability for his direct participation in the stops, we leave to future cases the determination of what conduct by supervisors may qualify as clearly unlawful.

*Id*, at 1110.

Unlike *Chavez*, Mr. Cheung makes factual allegations specifically against Davis, and not some far-flung supervisor. As this Court held in *Hansen v. Boeing Co.*, in considering whether a complaint states a claim, the court assumes the truth of the complaint's factual allegations and credits all reasonable inferences arising from its allegations. 903 F. Supp. 2d at 1217 (citing *Sanders*, 504 F.3d at 910). "[T]he complaint avoids dismissal if there is 'any set

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

of facts consistent with the allegations in the complaint' that would entitle the plaintiff to relief.' *Id.* Citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief).

Davis finally cites *Terrell v. JPMorgan*, a Deed of Trust Act case that, at the time, followed the recent case of *Trujillo v. Nw. Tr. Servs., Inc.*, 181 Wn. App. 484, 506, 326 P.3d 768 (2014), which held that the holder of a note has an independent right to enforced the note and deed of trust. Prior to *Trujillo*, this was a hotly debated point, based on the statute's owner/holder dichotomy. After *Trujillo*, Terrell's CPA claim, among others, failed. In a footnote, (Dkt # 25 at 7, n 9), Davis discusses Terrell's attempt to add a new breach of contract claim, and her failure to allege supporting facts in the proposed amended complaint. *Terrell*, 2014 WL 5449729, at *2. *Terrell* is not applicable here. Unlike Terrell, who sought to amend her complaint to add new causes of action after her initial claims became meritless, Mr. Cheung believes his current claims withstand a Rule 12(b)(6) challenge. If the third-party claims were to be dismissed here, which they should not, it would then become appropriate to grant leave to amend, where there certainly are facts that could be added to the third-party claims that would support the current cause of action. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts").

The only issue here is whether, on a Rule 12(b)(6) standard, Mr. Cheung has set forth plausible allegations that the entrepreneurial aspects of the Davis firm were implicated. Davis concedes it took the actions that it did for the purpose of realizing a profit. (Dkt # 25 at 2). The allegations of repeated conduct, and its repeated attempts to gain a monetary benefit from its

THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-PARTY DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS - 14
2:15-cv-01332-RAJ
5834702.doc

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

misdirected filings, reflect that Davis's acts were intentional and implicate the entrepreneurial aspects of the firm's business in a way that controverts the CPA's stated intent in fostering honest and fair competition. RCW 19.86.920.

In sum, Davis attacks Mr. Cheung's CPA claim by arguing his CPA claim does not meet the second element of the CPA test, requiring that the unfair or deceptive acts or practices occur in trade or commerce; but the allegations that Davis uses unfair and deceptive acts and practices to obtain and retain clients, and which determines how her fees are billed implicates the entrepreneurial aspects of her practice so the second element of the CPA claim is met.

### 3. The third-party complaints survives a Rule 12(b)(6) motion on the third element of public interest impact.

The third element is a "public interest" showing. *Hangman Ridge*, 105 Wn.2d at 787. Davis challenges the third element of a CPA claim, by arguing that the claims involve a private dispute that does not affect the public interest. (Dkt # 25 at 8-9). Even if this were true, which it is not, private disputes may still form the basis of a CPA claim.

There are two "tests" for the CPA, one where a violation occurs as part of a consumer transaction and another where there is a private dispute. *Id.* at 789-91. In regard to both tests, none of the factors is dispositive, nor is it necessary that all be present. *Id.* They are simply factors for the trier of fact to weigh.

> [W]hether the public has an interest in any given action is to be determined by the trier of fact from several factors, depending upon the context in which the alleged acts were committed. Where the transaction was essentially a consumer transaction, … these factors are relevant to establish public interest: (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Id.* at 789-90.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   Factors indicating public interest in [the private dispute] context include:
2   (1) Were the alleged acts committed in the course of defendant's business?
    (2) Did defendant advertise to the public in general? (3) Did defendant actively
3   solicit this particular plaintiff, indicating potential solicitation of others? (4) Did
    plaintiff and defendant occupy unequal bargaining positions?

4   *Id*. at 790-791.

5           It is of note that the Supreme Court indicates that it is for the trier of fact to make the

6   determination as to whether these tests have been met, and that none of the legal authority cited

7   or referred to by Davis regarding public interest impact arises in the context of a Rule 12(b)(6)

8   motion, but rather in the context of evidence presented after an opportunity for discovery.  *See*

9   (Dkt # 25 at 8-9) (citing or referring to *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 200 P.3d

10  695 (2009) (decision on summary judgment); *Indoor Billboard/Washington, Inc. v. Integra*

11  *Telecom of Washington, Inc.*, 162 Wn.2d 59, 170 P.3d 10 (2007); (reversing in part summary

12  judgment); and *Behnke v. Ahrens*, 172 Wn. App. 281, 294 P.3d 729 (2012) (decision on

13  summary judgment).

14          Certainly, in regard to the test for consumer transactions, the first, second, and fourth

15  elements are met under the allegations set forth in the third-party complaint, and the remaining

16  elements will require some discovery for a determination to be made.  Likewise, in regard to

17  the private dispute test, the first two of four factors are met,[2] and some additional research will

18  be required to address the last two factors.

19          There are factors of this underlying case that suggest that the claims meet both tests.

20  For example, both tests are met if Davis solicited its client (Ms. Calugas), obtained this client in

21  the underlying case by informing the client that it could have the lender drop its claim on the

22  underlying debt if it sued the lender and its attorney under the CPA and FDCPA, then

23  proceeded to use its unfair and deceptive acts and practices to prevail in the underlying case,

24

25  _____
        [2] The court may take judicial notice that Davis does advertise to the general public, specifically in regard to
    the ability to bring FDCPA claims.  http://www.toniedavislaw.com/practice/seattle-civil-litigation/.

    THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-
    PARTY DEFENDANT'S RULE 12(B)(6) MOTION TO
    DISMISS - 16
    2:15-cv-01332-RAJ
    5834702.doc

    LEE · SMART
    P.S., Inc. · Pacific Northwest Law Offices

    1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
    Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

and then brought the instant case, and has previously used this strategy, which has the potential to be used again in the future. Here, the very choice of whether there was a consumer transaction or a private dispute is a question that may well require full briefing after discovery.

In addition, the fact that this act occurred in the practice of law, and has the very real potential of repetition, implicates an impact on the public interest. The Washington Supreme Court "has recognized the practice of law, medicine, dentistry, and optometry as learned professions which affect the public health and welfare." *Morelli v. Ehsan*, 110 Wn.2d 555, 559, 756 P.2d 129, 131 (1988) (citing cases). A number of courts have even held that non-lawyer entities that engaged in actions that constituted the practice of law violated the CPA, in part, because the activities were capable of repetition as the entities engaged new clients and, as such, impacted the public interest. *See Bowers v. Transamerica Title Ins. Co*., 100 Wn.2d 581, 592, 675 P.2d 193, 201 (1983); *Bishop v. Jefferson Title Co.*, 107 Wn. App. 833, 851, 28 P.3d 802, 812 (2001).

The alleged conduct occurs in the practice of law, not in regard to a contractual dispute between a lawyer and a client, but in the manner in which an attorney practices. Washington's Constitution, Art. 4, § 1, vests judicial power of the State in the Supreme Court. "[T]he formulation of rules governing admission to practice is a judicial function inherent in this constitutionally granted power." *City of Seattle v. Ratliff*, 100 Wn.2d 212, 215, 667 P.2d 630, 631-32 (1983). "Exercise of this power is necessary for the protection of the court, the proper administration of justice, the dignity and purity of the profession, and **for the public good** and the protection of clients." *Id*. at 215. The Washington Supreme Court has executed this judicial function by enacting the Rules of Professional Conduct ("RPCs"). "A lawyer, as a member of the legal profession, is a representative of clients, an officer of the court and a public citizen having special responsibility for the quality of justice." RPC, Preamble § 1. "In

LEE · SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

addition, a lawyer should further the public's understanding of and confidence in the rule of law and the justice system because legal institutions in a constitutional democracy depend on popular participation and support to maintain their authority." *Id.* § 6. "Lawyers play a vital role in the preservation of society." *Id.* § 13. The RPCs require fairness to an opposing party and candor to the court. RPC 3.3 and 3.4. Such requirements implicates the public interest.

As stated earlier, Davis argues that the Court should ignore allegations of repetition and then dismiss where liability is premised up a single event. But again, this is irrelevant point, because a CPA claim can be based on a single transaction. *See e.g., St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 129, 196 P.3d 664, 667 (2008) ("[t]his court long ago recognized that a single violation of a claims-handling regulation may violate the CPA"). So even if the November 5, 2014 facsimile was the only event, it could still form the basis of a CPA claim, so long as it had the potential for repetition. Likewise, the complaint filed by Davis on behalf of Calugas also entails a single event, so that Ms. Calugas's CPA claim against Mr. Cheung would also fail on this point if Davis's argument were accepted.

Davis cites *Short v. Demopolis*, 103 Wn.2d 52, 691 P.2d 163 (1984), but *Short* only stands for the proposition that the Legislature cannot regulate the practice of law using the CPA, as this is the Court's function, WASH. CONST., Art. 4, § 1, but that lawyers may still be subject to liability under the CPA for acts relating to the entrepreneurial aspects of the practice of law. *Id.* at 64-65.

In *Michael*, 165 Wn.2d 595, cited by Davis, a periodontist used cow bone for bone grafting after the patient requested that no animal products be used. Using the test for private disputes, also provided above, the Court determined that there was no evidence that the defendant advertised to the public in general. *Michael*, 165 Wn.2d at 605. Here, the court may

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

take judicial notice that Davis does advertise to the general public, specifically in regard to the ability to bring FDCPA claims.  http://www.toniedavislaw.com/practice/seattle-civil-litigation/.

In *Indoor Billboard*, "Indoor Billboard appeal[ed] the trial court's grant of summary judgment in favor of Integra on only the first and fifth elements, unfair or deceptive act or practice and causation."  *Indoor Billboard*, 162 Wn.2d at 73.  As such, the public interest element was only analyzed in a peripheral manner, and does not provide much guidance here.

Under the allegations in the third-party complaint, Davis has repeatedly engaged in the unfair and deceptive acts and/or practices of intentionally failing to give Mr. Cheung notice of important documents and then seeking to make material gain against Mr. Cheung based on his lack of knowledge based on this intentional failure.  Davis may well engage this practice in regard to other opponents in its practice of law, and could very well be a modus operandi by which counsel seeks to obtain clients and attorney fees in other cases.  Wrongful conduct in the practice of law has the ability to affect the public and the functioning of the courts.  In addition, use of these methods to sue an opponent's attorney, as Davis has done, is also used to drive a wedge between the attorney and their client, which also affects the attorney-client relationship. That may regrettably occur with the third-party claims here as well, but it will hopefully be a one-time event, rather than a repeated practice.

In sum, Davis attacks Mr. Cheung's CPA claim by arguing his CPA claim does not meet the third element of the CPA test, requiring an impact on the public interest; but Mr. Cheung alleges that Davis continues to use unfair and deceptive practices, and Davis has the potential to use its tactics repeatedly for years in the practice of law, so that not only is there a potential for repetition, but such repetition occurs in the profession of law, which itself has an impact on litigants, lawyers, and the courts, and as such directly impacts the public.

THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-PARTY DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS - 19
2:15-cv-01332-RAJ
5834702.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**4.    Davis's actions damaged Mr. Cheung's business and property.**

Davis does not argue the elements of breach or proximate cause.

The injury requirement is met upon a showing that a plaintiff's property interest or money is diminished because of the alleged conduct "even if the expenses caused by the statutory violation are minimal." *Panag*, 166 Wn.2d at 57. "Injury" is distinct from "damages." *Id*. at 58. "Monetary damages need not be proved; unquantifiable damages may suffice." *Id*. The need to seek counsel to defend against claims and to investigate one's rights in the fact of claims being made is an injury under the CPA. *See Id*. at 63. In addition, being forced to pay a sum that one should not owe is also an injury under the CPA. *Id*. Here, Davis's conduct has caused Mr. Cheung to have counsel investigate the claims against him based on her conduct, and is being forced to defend against this case, which would have been unnecessary but for Davis's actions. In addition, Mr. Cheung wrongly paid terms in the underlying case.

"[T]he proximate cause standard embodied in WPI 15.01 is required to establish the causation element in a CPA claim." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 83, 170 P.3d 10, 22 (2007).

> The term "proximate cause" means a cause which in a direct sequence [unbroken by any new independent cause], produces the [injury] [event] complained of and without which such [injury] [event] would not have happened.
>
> [There may be more than one proximate cause of an event.]

WPI 15.01 (6th ed. 2012).

Here, had Davis sent the appearance letter to Mr. Cheung in a manner calculated to provide him notice, the events in the underlying collection matter would not have unfolded the way they did, and this FDCPA lawsuit would have been avoided. As such, Davis is a proximate cause of the injury to Mr. Cheung.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**D.      Declaratory judgment.**

Jurisdiction to award declaratory relief under 28 U.S.C. §§ 2201 and 2202 exists where there exists a case of actual controversy, and where there is a case or controversy the court has discretion as to whether to exercise that jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143-44 (9th Cir. 1994). The above-captioned case presents a case and controversy, such that the jurisdictional requirement is met.

Davis makes two arguments against declaratory relief: (1) that the declaratory judgment claim fails to the extent the CPA claim fails, and (2) that Mr. Cheung fails to state a substantive right to the relief it requests.

> To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*See Shell Gulf of Mexico v. Ctr. for Biological Diversity*, 771 F.3d 632, 635 (9th Cir. 2014) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510 (1941)).

Beyond the request for declaratory relief, the interrelated claims in this lawsuit between Ms. Calugas, Mr. Cheung, and Davis present an existing case and controversy between parties with clearly adverse legal interests, and there is sufficient "immediacy and reality" to warrant the issuance of a declaratory judgment because this case is currently before this Court for decision, and Davis's conduct continues against Mr. Cheung in other cases.

Davis cites *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130 (W.D. Wash. 2013), for the proposition that "the court cannot grant declaratory relief in the absence of a substantive cause of action." *Id.* at 1139. The *Bissons* court had first held that the plaintiffs lacked standing to bring CPA and FDCPA claims because they failed to allege facts that established injury, and therefore plaintiffs therefore lacked standing. *Id.* at 1135. The *Bissons* court then dismissed a fraud claim in part on standing and in part because there was no allegation of a

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

pending or threatened foreclosure. *Id.* at 1135-1135. The *Bissons* court then dismissed the declaratory judgment act claim where no other substantive claim remained.

Mr. Cheung's CPA claim against Davis should stand, and with it stands the request for declaratory relief. The substantive rights guaranteed by the CPA of honest and fair competition are a sufficient basis on which this Court may grant the requested declaratory relief.

## IV. CONCLUSION

The Court should deny Davis's Rule 12(b)(6), where Patenaude & Felix and Mr. Cheung have stated a claim under the CPA.

1.     The claim by Davis that one cannot sue the opposing party's attorney is simply wrong, where: (1) a CPA claim can be brought against anyone where the five elements of a CPA claim are met, *Panag*, 166 Wn.2d at 39; and (2) if Davis is correct, then the Court must dismiss the claims she has brought against Mr. Cheung, where he acted solely as the opposing party's attorney in the underlying lawsuit.

2.     Davis attacks Mr. Cheung's CPA claim by arguing his CPA claim does not meet the second element of the CPA test, requiring that the unfair or deceptive acts or practices occur in trade or commerce; but the allegations that Davis uses unfair and deceptive acts and practices to obtain and retain clients, and which determines how her fees are billed implicates the entrepreneurial aspects of her practice so the second element of the CPA claim is met.

3.     Davis attacks Mr. Cheung's CPA claim by arguing his CPA claim does not meet the third element of the CPA test, requiring an impact on the public interest; but Mr. Cheung alleges that Davis continues to use unfair and deceptive practices, and Davis has the potential to use its tactics repeatedly for years in the practice of law, so that not only is there a potential for repetition, but such repetition occurs in the profession of law, which itself has an impact on litigants, lawyers, and the courts, and as such directly impacts the public.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1       Davis fails to support dismissal of the CPA claim with the arguments above, and does

2   not attack other elements of the CPA claim.  Davis's Rule 12(b)(6) motion is properly denied.

3       DATED this 14th day of December, 2015.

4                      LEE SMART, P.S., INC.

5

6                      By:  /s Marc Rosenberg
                       Marc Rosenberg, WSBA No. 31034

7                          Of Attorneys for Defendants /
                       Third-Party Plaintiffs

8                          Patenaude & Felix, A.P.C., and
                       Matthew Cheung

9                          1800 One Convention Place
                       701 Pike St.

10                         Seattle, WA 98101-3929
                       (206) 624-7990

11                         mr@leesmart.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**L E E · S M A R T**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free  877.624.7990 · Fax  206.624.5944

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on the date provided at the signature below, I electronically filed
the preceding document with the Clerk of the Court using the CM/ECF system, which will send
3   notification of such filing to the following individuals:

4      Antoinette Marie Davis        tonie@toniedavislaw.com

5      Kirk D Miller                 kmiller@millerlawspokane.com

6      Christina Latta Henry         chenry@hdm-legal.com

7      C Steven Fury                 steve@furyduarte.com

8      Vonda Michell Sargent         sisterlaw@me.com

9      I certify under penalty of perjury under the laws of the State of Washington that the
foregoing is true and correct, to the best of my knowledge.
10

11     Dated this 14 day of December, 2015 at Seattle, Washington.

12                        LEE SMART, P.S., INC.

13                        By: /s Marc Rosenberg_____
                             Marc Rosenberg, WSBA No. 31034
14                           Of Attorneys for Defendants /
                             Third-Party Plaintiffs
15                           Patenaude & Felix, A.P.C., and
                             Matthew Cheung
16
                             1800 One Convention Place
17                           701 Pike St.
                             Seattle, WA 98101-3929
18                           (206) 624-7990
                             mr@leesmart.com
19

20

21

22

23

24

25

THIRD-PARTY PLAINTIFFS' RESPONSE TO THIRD-
PARTY DEFENDANT'S RULE 12(B)(6) MOTION TO
DISMISS - 24
2:15-cv-01332-RAJ
5834702.doc

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944