THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNYL CALUGAS,<br><br>   Plaintiff,<br><br> vs.<br><br>PATENAUDE & FELIX, APC, a California Corporation; and MATTHEW CHEUNG, and individual,<br><br>   Defendants. | NO. 2:15-cv-01332-RAJ<br><br><br><br><br><br><br>ORDER |
| PATENAUDE & FELIX, APC,<br><br>   Third-Party Plaintiff,<br><br> vs.<br><br>LAW OFFICES OF ANTOINETTE M. DAVIS, PLLC,<br><br>   Third-Party Defendant. | |

  This matter comes before the Court upon Third-Party Defendant Law Offices of Antoinette M. Davis, PLLC's ("Davis") motion to dismiss Third-Party Plaintiff Patenaude & Felix, APC's ("P&F") third-party complaint under Federal Rule of Civil

Order - 1

Procedure 12(b)(6). Dkt. # 25. The Court has already dismissed Plaintiff Jennyl Calugas's claims against P&F and Mr. Cheung. Dkt. # 48. For the reasons stated below, the Court declines subject matter jurisdiction over the remaining third-party complaint. This Order operates to dismiss the action, thereby terminating the pending motion to dismiss. Dkt. # 25.

## I. BACKGROUND

Ms. Calugas initially brought suit against P&F and Matthew Cheung for violations of the Fair Debt Collection Practices Act, Washington's Consumer Protection Act, and the Washington Collection Agency Act. Dkt. # 8 (Amended Complaint). She chose the federal forum on account of Section 1331 in Title 28 of the United States Code, which allows plaintiffs to bring suit based on actions that arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As a result of this lawsuit, P&F sued Davis in a third-party complaint for violations of Washington's Consumer Protection Act. Dkt. # 14. P&F alleged subject matter jurisdiction arising out of Section 1367 in Title 28 of the United States Code, which allows the federal courts to retain jurisdiction of state claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). P&F also alleged jurisdiction arising from the Declaratory Judgment Act. Dkt. # 14.

On August 10, 2016, the Court dismissed Ms. Calugas's lawsuit against P&F and Mr. Cheung. Dkt. # 48. All that remains to be litigated before this Court is the third-party complaint against Davis.

## II. DISCUSSION

The Court may raise the issue of subject matter jurisdiction *sua sponte* at any time during an action. *Allstate Indem. Co. v. Pacheco*, No. 3:14-cv-05366-KLS, 2014 U.S. Dist. LEXIS 150069, *11 (W.D. Wash. 2014); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

Order - 2

dismiss the action."). Absent jurisdiction, any determination on the merits would be void. *Watts v. Pickney*, 752 F.2d 406, 409 (9th Cir. 1985). The Court finds it necessary to raise the issue of subject matter jurisdiction at this stage because the only remaining cause of action is a state law claim and the remaining parties do not allege jurisdiction arising from Section 1332 in Title 28 of the United States Code.

P&F states a cause of action for federal declaratory judgment and claims that this Court has jurisdiction as a result. However, a request for declaratory judgment is not enough to sustain a complaint in a federal forum; by definition, the Court may only declare the rights of the interested party under the Declaratory Judgment Act if there is "a case of actual controversy within its jurisdiction . . . ." 28 U.S.C. § 2201(a); *see also United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1107 (9th Cir. 2001) ("Subject matter jurisdiction is a necessary predicate to the issuance of a declaratory judgment, so if subject matter jurisdiction over Travelers' action could not be established, the question whether to exercise discretionary jurisdiction would not arise."), *ExcelStor Tech., Inc. v. Papst Licensing GmbH & Co. Kg*, No. C 09-2055 PJH, 2010 U.S. Dist. LEXIS 62409, *8 (N.D. Cal. 2010) ("The Declaratory Judgment Act creates a federal remedy, but does not provide an independent basis for federal jurisdiction. Before declaratory relief can be granted, federal subject matter jurisdiction requirements must be satisfied. Thus, actions for declaratory relief either must be between parties of diverse citizenship, or must 'arise under' federal law.") (internal citations omitted). P&F's third-party lawsuit is the only matter remaining in this action and the only cause of action is one arising from state law. Moreover, the parties are not able to claim jurisdiction arising from diversity of citizenship. Therefore, the Court will no longer exercise jurisdiction over this matter.

//
//
//
//

Order - 3

### III.   CONCLUSION

For the foregoing reasons, the Court declines to exercise jurisdiction over this third-party action due to the lack of subject matter jurisdiction.  Accordingly, the matter is **DISMISSED** without prejudice.

Dated this 24th day of August, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge